No. 15,638.

O'DAY *v.* THE PEOPLE.
(166 P. [2d] 789)

Decided January 7, 1946.   Rehearing denied February 25, 1946.

Mr. MERRITT D. VONDY, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

AN information containing three counts was filed in the district court charging William O'Day, alias George

C. Lane, alias James J. Stewart, in the first count thereof with aggravated robbery, and in the second and third counts with having been convicted of violations of "the Burglary Statues" of the states of California and Missouri, respectively, so as to bring him within the provision of sections 551, 552 and 554, chapter 48, '35 C.S.A., if he was convicted of the offense charged in the first count of the information. The jury returned a verdict finding the defendant "guilty of aggravated robbery as charged in the information." A motion for a new trial was interposed and overruled and no error is assigned to such ruling. Defendant was sentenced to confinement in the state penitentiary "at hard labor, for the remainder of his natural life."

Defendant sued out a writ of error and his assignments may be comprehended in the brief statement, that, under the record, the trial court was without authority to impose a life sentence.

In the second count of the information it was charged that the defendant "was duly and legally convicted of violating the Burglary Statute of the state of California; and on the Eleventh day of February, A. D. 1938, was sentenced to the State Penitentiary. and judgment of conviction entered on said date, which sentence was duly executed and the defendant confined in the State Penitentiary at San Quentin, California, pursuant to said sentence; * * *" In the third count it was charged that defendant "was duly and legally convicted of violating the Burglary Statute of the State of Missouri; and on the Twenty-seventh day of February, A. D. 1941, was sentenced to the State Penitentiary and judgment of conviction entered on said date, which sentence was duly executed and the defendant confined in the State Penitentiary at Jefferson City, Missouri, pursuant to said sentence; * * *"

In the record of defendant's arraignment on the second and third counts, the following appears:

"At this day comes James T. Burke, Esq., District

Attorney, who prosecutes the plea of the People in this behalf, and the defendant William O'Day, alias George C. Lane, alias James J. Stewart, is brought into Court.

"Whereupon, the said defendant is arraigned, reads the information herein and being required to plead thereto answers and saith that he is William O'Day, alias George C. Lane, alias James J. Stewart, as charged in the second [and third] count of the information herein. And the effects and consequences of his said plea being now here by the Court fully explained to him, he still persists therein."

We have examined the sentence, and there is nothing therein which indicates whether the sentence imposed was pronounced under the provisions of sections 551, 552 and 554, supra, or under the provisions of section 84, chapter 48, '35 C.S.A. The pertinent part of the sentence reads: "Whereupon, it is considered by the Court that the said defendant be by the Manager of Safety and Excise and Ex officio Sheriff of the City and County of Denver removed hence to the common jail of the City and County of Denver, and from thence by the said Manager of Safety and Excise and Ex officio Sheriff conveyed, with all convenient speed, to the State Penitentiary at Canon City, Colorado, there to be delivered to the warden or keeper thereof, to be by him kept and confined therein, at hard labor, for the remainder of his natural life, to be fed and clothed as the law directs."

The statute (section 84, supra) provides that one found guilty of aggravated robbery "* * * shall be confined in the penitentiary for a term of not less than two years, or for life, * * *" If the trial judge construed this statute as authorizing the imposition of a life sentence for aggravated robbery and acted accordingly in pronouncing the sentence herein, we believe his action is unprecedented and that error was committed.

Section 545, chapter 48, '35 C.S.A., provides: "When a convict is sentenced to the state penitentiary, other-

wise than for life, for an offense or crime committed after the passage of this subdivision, the court imposing the sentence shall not fix a definite term of imprisonment, but shall establish a maximum and a minimum term for which said convict may be held in said prison. The maximum term shall not be longer than the longest term fixed by law for the punishment of the offense of which he was convicted, and the minimum term shall not be less than the shortest term fixed by law for the punishment of the offense of which he was convicted."

Section 545, supra, was enacted in 1899 and clearly indicates that it was the general policy of the legislature to favor the fixing of minimum and maximum sentences for the violation of state criminal statutes. Obviously, if the statute makes the imposition of a life sentence mandatory upon the conviction of some offense, there can be neither a minimum nor maximum term as section 545, supra, contemplates. It will be noted that the statute (section 84, supra) reads, "* * * not less than two years, or for life." Historically it may be of interest to note that this penalty for aggravated robbery first came into our statutes by an amendment in 1907, since which time the penalty for the violation of the statute has not been changed although our statute commonly designated as the "Habitual Criminal Act" did not become effective until 1929.

█ █ We are convinced that the phrase "not less than two years, or for life," has been consistently construed by the courts to mean a term of two years *to* life, and we are supported in this construction by the following decisions of our own courts where convictions were obtained for aggravated robbery. *Funk v. People,* 90 Colo. 167, 7 P. (2d) 823, ten to eleven years; *Rowan v. People,* 93 Colo. 473, 26 P. (2d) 1066, five to seven years; *Dockerty v. People,* 96 Colo. 338, 44 P. (2d) 1013, twenty-five to thirty years. These sentences indicate that courts heretofore construing section 84, supra, have

consistenly imposed sentences as if the statute had read, "a minimum of two years to a maximum of life." The legislature, by the enactment of section 545, supra, has indicated a general policy, and we believe it should be so construed as to carry that general policy into effect. It is a general rule of construction that criminal statutes shall be strictly construed, and in accordance therewith we hold that the penalty authorized under section 84, supra, is for a term of two years to life. The section does not authorize the imposition of a specific life sentence, and if the trial court construed it as authorizing the imposition of such a sentence, it committed error.

If the court was of the opinion that it might impose a life sentence under section 552, supra, there likewise was error committed, for there is no such proof of former convictions as would authorize this action. It will be noted that section 554, supra, requires the court to inquire of the defendant whether he is the same person charged in the information as having been theretofore convicted. It also provides that if he denies his identity a plea of not guilty shall be entered, and a jury then impaneled to determine the question. It also is provided, "If the accused shall plead guilty, the court shall sentence him to the punishment prescribed in the three preceding sections, * * *." It should be noted that the defendant here admitted his identity. We believe it was the positive duty of the court to make inquiry as to the offenses for which defendant had theretofore been convicted. We do not take judicial notice of the laws or statutes of other states; they must be proved in the same manner as other facts in the case. *Polk v. Butterfield,* 9 Colo. 325, 12 Pac. 216; *Mitchell v. Liggett,* 70 Colo. 219, 199 Pac. 486.

What "the Burglary Statutes" of the states of California and Missouri are we are not advised. It should be noted that section 551, supra, sets forth certain crimes known to our law and then provides, "which

under the laws of this state would amount to a felony; or, under the laws of any other state, government or county, *of a crime which if committed within this state, would be such a felony,* \* \* \*." (Italics ours). Would the violation of "the Burglary Statutes" of the states of California and Missouri, of which it is alleged the defendant was convicted, be one of the felonies enumerated in section 551, supra, if they had been committed in the state of Colorado? A fair construction of this statute places the burden upon the people to prove that the defendant is the identical person named in the second and third counts of the information, and this proof was obviated by the defendant's admission. The burden also was upon the people to establish by competent evidence that the defendant had been convicted of crimes in California and Missouri which, if committed in Colorado, would be one of the felonies specifically mentioned in section 551, supra, and such proof is entirely lacking. In the absence of this proof, the court committed error in considering, if it did, the charges in the second and third counts in the information.

"The usual rules as to presumptions and burden of proof in criminal cases apply in a prosecution of a person for a second or subsequent offense. In all criminal prosecutions when the state desires to inflict 'a more severe penalty on account of accused having been convicted previously, the burden is on the state to prove all facts necessary to bring the case within the statute authorizing such penalty to be imposed, while accused has the burden of proving affirmative defenses. Thus, like any other material element, the state has the burden of proving the prior conviction of accused, and that it occurred prior to the commission of the offense for which he is on trial, and must establish his identity as the person previously convicted. Also the state sometimes has the burden of proving that the court which tried accused had jurisdiction, that the prior conviction was of a felony *or of an offense that would have been a*

*felony if committed within the state,* and that accused served a term therefor in a penal institution. * * *" (Italics ours) 24 C.J.S., p. 1158, §1965; *People v. Krumme,* 292 N.Y.S. 657; *In re Cedar,* 269 N.Y.S. 733; *State v. O'Day,* 191 La. 380, 185 So. 290; *In the matter of Jack Cedar v. Judges of the Court of General Sessions,* 193 N.E. 414; *People v. Hayes,* 3 Cal. App. (2d) 59, 39 P. (2d) 213; *People v. Morrison,* 26 Cal. App. (2d) 616, 80 P. (2d) 94; *State v. Krebs,* 336 Mo. 576, 80 S. W. (2d) 196; *Ex parte McVickers* (Cal. App.), 161 P. (2d) 609.

The court was under a duty, if it approved the verdict of guilty so returned by the jury, to sentence defendant on the first count of the information. However, the record considered, the second and third counts in the information cannot be the basis of a sentence under the provisions of sections 551, 552 and 554, supra, for the reason that the people offered no competent evidence to establish the same.

■ It is ordered that this cause be remanded to the district court for the prompt imposition of a proper sentence in accordance with the views herein expressed, and the record, as corrected, be again certified to this court.

MR. CHIEF JUSTICE KNOUS, who originally concurred in the opinion, now dissents.