No. 15,745.

PEOPLE EX REL. BEST *v.* DISTRICT COURT ET AL.

(171 P. [2d] 774)

Decided July 29, 1946.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for petitioner.

Mr. S. PHILIP CABIBI, Mr. WALTER J. PREDOVICH, for respondents.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THIS is an original proceeding in the nature of prohibition under rule 106 (a) (4), brought by the People of the State of Colorado upon relation of Roy Best, warden of the state penitentiary, to prohibit Hon. Harry Leddy, one of the judges of the district court of the Tenth Judicial District, state of Colorado, sitting within and for the county of Pueblo, from assuming jurisdiction to resentence one Otto H. Brown, who is confined in the state penitentiary at Canon City, Colorado, under sentence of said district court. Said court, on March 7, 1932, had adjudged that said Brown be confined in the state penitentiary at hard labor "for and during the term for the remainder of his natural life." We issued a citation to the lower court to show cause, returnable in ten days, with leave granted to the parties to file briefs, and restrained the district court from taking any further action until our further order. Briefs have been presented by attorneys for Brown and the Attorney General.

The record discloses that on March 7, 1932, in said district court, before Hon. John H. Voorhees, one of the judges thereof, Brown entered a plea of guilty of murder of the second degree and was thereupon sentenced as above noted; that pursuant to said judgment he was, on the 8th day of March, 1932, confined in the state penitentiary at Canon City, where he is now incarcerated.

April 4, 1946, Brown applied to said district court for an order directing that he be returned to said court and resentenced under the provisions of sections 32 and 545, chapter 48, '35 C.S.A. Thereafter the Hon. Harry Leddy issued an order to the warden of the penitentiary, directing him to deliver Brown to the sheriff of Pueblo county, to be brought by the sheriff before the district court on April 17, 1946, for resentencing. If the statute authorized the imposition of a life sentence upon plea

of guilty to or conviction of murder of the second degree, the judgment is valid, and the district court lost jurisdiction to modify, alter, or revise the same in any respect after the expiration of the term. *Klink v. People,* 16 Colo. 467, 27 Pac. 1062; *Saleen v. People,* 41 Colo. 317, 92 Pac. 731; *Turley v. People,* 73 Colo. 518, 216 Pac. 536; *Mandell v. People,* 76 Colo. 296, 231 Pac. 199; *Milow v. People,* 89 Colo. 469, 3 P. (2d) 1077; *Dockerty v. People,* 96 Colo. 338, 44 P. (2d) 1013.

The first question then presented is the determination of the legality of the life imprisonment sentence imposed in the instant case. The statute provides: " * * * Every person convicted of murder of the second degree, shall suffer imprisonment in the penitentiary for a term not less than ten years, and which may extend to life. * * * " '35 C.S.A., c. 48, §32.

In *O'Day v. People,* 114 Colo. 373, 166 P. (2d) 789, we had under consideration the statute prescribing the penalty to be imposed upon the plea of guilty or conviction of aggravated robbery. The statute there provided that one so pleading or found guilty might be sentenced to the state penitentiary "for a term of not less than two years, or for life; * * * " '35 C.S.A., c. 48, §84. We there held that the statute did not authorize the imposition of a specific life sentence and that therefore error was committed in its imposition. The language of the statute now under consideration is not materially different from the language of the statute under consideration in *O'Day. v. People, supra,* and, consequently, we construe the language in section 32, supra, respecting that penalty, to authorize the imposition of a sentence with a minimum of ten years and a maximum of life. This being our construction, the court committed error in its judgment sentencing Brown to confinement in the state penitentiary at hard labor "for and during the term for the remainder of his natural life." The procedure attempted in the district court by Brown's counsel is without precedent in this jurisdiction and for which our decision

in *O'Day v. People, supra,* furnishes no guide, for there the questions were regularly presented in this court by writ of error. Here Brown has filed a motion in the district court in which he entered his plea and which pronounced the judgment, and now in that court Brown seeks relief by way of a proper judgment. As we understand Brown's contention, it is that the judgment pronounced is erroneous, not void, for if it were void he would seek relief by writ in the nature of habeas corpus or other appropriate remedy, in which action it would be his contention that the court pronounced a void judgment by reason of which he was entitled to his discharge. By his motion Brown concedes that the district court in which the judgment was entered has jurisdiction of the subject matter, as well as his person, and has legal authority to now enter a valid judgment. In other words Brown contends that the judgment here is erroneous, not void. That being the situation the question then posed is whether the district court, after the lapse of many years, retains jurisdiction to now pronounce a valid judgment. Brown contends that it has, and we are not inclined to be disputatious. As we understand an erroneous judgment, it is one rendered contrary to the law; it may be corrected by writ of error or other like proceeding in an appellate court. Whether Brown can now sue out a writ of error and have the erroneous judgment modified, altered, or revised, is not before us and upon which question no opinion is expressed.

Brown's present confinement, we have determined, is under an erroneous judgment. By Brown's own showing he is admittedly guilty of the crime of murder of the second degree and has been legally convicted of a felony for which no legal judgment has been rendered. Justice to the state requires that the erroneous judgment be replaced by a valid one, and justice to Brown requires no more. Had Brown excepted to the sentence and brought his case here for review, his only relief would have been a reversal and remand of the cause

for a new sentence, and by the procedure followed here he seeks like relief in the court having jurisdiction of the subject matter and his person. Under our decision in *O'Day v. People, supra,* there can be no question but that on writ of error Brown's case would be reversed for the imposition of a proper sentence, and it would seem unnecessary with this foregone conclusion in mind that he should be forced to incur the expense and await the delay that this procedure would occasion.

■ It has been held that where the court has jurisdiction of the person and subject matter and has entered an erroneous judgment, it retains jurisdiction to correct, modify, and alter it in accordance with the provisions of the statute, notwithstanding the expiration of the term at which the judgment was pronounced. *Luitze v. State,* 204 Wis. 78, 234 N.W. 382; *Kiser v. Mayo,* 138 Fla. 775, 190 So. 246; *King v. United States,* 98 F. (2d) 291; *Foster v. Zerbst,* 92 F. (2d) 950; *Garrison v. Reeves,* 116 F. (2d) 978; *Buie v. King,* 137 F. (2d) 495; *Robinson v. United States,* 147 F. (2d) 915; *Hammers v. United States,* 279 Fed. 265; *Bryant v. United States,* 214 Fed. 51; *People v. Booth,* 37 Cal. App. 650, 174 Pac. 685; 24 C.J.S., p. 112, §1584; 24 C.J.S., p. 123, §1590.

■ The factual situation here considered does not make it necessary for us to determine whether the judgment here is void, voidable or irregular. All that is here presented and considered is concededly an erroneous judgment. That being the fact, we hold that upon Brown's application, the district court in which the erroneous judgment was rendered retains jurisdiction to now render a valid judgment, and, in order so to do, has authority to require Brown's presence in court for that purpose, and in accordance with proper procedure, now has jurisdiction to enter a valid judgment.

The petition for a writ in the nature of prohibition is therefore denied and this action dismissed.