No. 15,762.

SMITH *v.* BEST, WARDEN.
(176 P. [2d] 686)

Decided November 25, 1946.

Mr. PAUL A. JOHNSON, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was, September 17, 1934, sentenced to life imprisonment on a verdict of guilty of second degree murder and has since been incarcerated in the state penitentiary. Contending that the sentence was void he sought release by habeas corpus. The writ was issued March 20 of the present year directing that defendant be brought before the court April 20, following. Three days prior thereto Warden Best, by the attorney general, filed a motion confirming the essential facts of the petition, alleging that defendant's remedy, if any, was by writ of error, that no such writ had ever been sought, and asking that the petition be dismissed, the writ of habeas corpus vacated and defendant remanded. As per command the warden produced defendant in court on April 20, the parties then and there being represented by the same counsel as here. The motion to dismiss was argued and granted. To review that judgment defendant prosecutes this writ and specifies six alleged errors. Of these the first, the order sustaining the motion to dismiss, covers the remaining five.

■ When defendant was given a definite life sentence the penalty provided for second degree murder was not less than ten years and which might extend to life. '35 C.S.A., c. 48, §32. The court was required to fix maximum and minimum. '35 C.S.A., c. 48; §545. The statute then and now in force directs that when punishment is discretionary witnesses shall be examined "as to the aggravation and mitigation of the offense." '35 C.S.A., c. 48, §482.

The agreed record in this case includes an affidavit of the clerk of the district court that the reporter who officiated at defendant's trial is deceased, that no transcript of his notes was ever made and that diligent search has failed to locate those notes.

Defendant contends that since no minimum was fixed his sentence is void, that lapse of time has deprived the court of jurisdiction to amend or enter a proper sentence, that the loss of the reporter's notes makes it impossible for the court, if otherwise empowered, to take evidence to determine the minimum, and that for all these reasons habeas corpus is his proper remedy and that he is now entitled to an absolute discharge. On each of these points his counsel is mistaken.

■ It should first be observed that no disputed question of fact is presented by this record and we are not here concerned with the particular views entertained by the attorney general at the time of the hearing, or those which may have induced Judge Davis to dismiss the writ. The sole question before us is the legality of that judgment. Counsel for defendant admits in his brief that habeas corpus will not lie unless the questioned sentence is void. In this, of course he is correct. 29 C.J., p. 25, §19. Every other contention which might otherwise justify examination and discussion has recently been settled in this jurisdiction by this court and no necessity exists for a present review thereof or quotation from our opinions in those cases. *O'Day v. People,* 114 Colo. 373, 166 P. (2d) 789; *O'Day v. People,* 114 Colo.

592, 168 P. (2d) 270; *People ex rel. Best v. District Court,* 115 Colo. 240, 171 P. (2d) 774.

■ Two further observations seem appropriate. Defendant's sentence was merely defective. It should have contained a minimum and a maximum. That is contained a maximum is perfectly clear because that was the maximum fixed by the statute and it might have been fixed by the court at any time from ten years up. That maximum requires no interference and while the court might be empowered, under proper circumstances, to amend the entire sentence the fixing of a minimum is the only thing essential to the completion of the sentence.

As to the availability of the essential evidence to guide the court in fixing a minimum sentence no question is before us. Were it otherwise the showing made by this record is not persuasive. For aught we know all the witnesses who appeared at that trial may be living and easily accessible.

■ Should the defendant so elect, his petition for habeas corpus may be treated as a petition for the entry of a proper judgment, and for that purpose the trial court may retain jurisdiction, require the presence of defendant, and, guided by the foregoing and our opinions cited, supra, amend the original sentence by including therein a minimum term of imprisonment.

Otherwise the judgment is affirmed.