## No. 15,803.

### THE PEOPLE *v.* HILL.
(181 P. [2d] 360)

Decided May 19, 1947.

Mr. JAMES T. BURKE, Mr. ROBERT T. KINGSLEY, for the people.

Mr. THEODORE EPSTEIN, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

DEFENDANT in error, hereinafter referred to as Hill, entered his plea of guilty to a charge of aggravated robbery and was sentenced to the penitentiary for life, no minimum being fixed. It developed that at the time of the commission of the crime he was associated with one Ives, who, in Case No. 29886 in the same court was tried and convicted of murder. Ives received a death sentence and was executed. The curious may find the history of that association in the Ives case. *Ives v. People,* 86 Colo. 141, 278 Pac. 792. Hence the trial court ordered that the evidence in the Ives case be considered in the sentence of Hill. The latter was delivered to the warden December 26, 1928 and incarcerated until about September 16, 1946. August 19, 1946 he moved for resentence because of the failure of the court originally to fix a minimum as provided by section 545, chapter 48, '35 C. S. A., as theretofore construed by this court. On that motion a hearing was had, testimony taken September 16, 1946, and Hill was then sentenced to the penitentiary for a term of fifty-nine years to life, nunc pro tunc as of December 22, 1928. To review that judgment the district attorney prosecutes this writ under the provisions of section 500, chapter 48, vol. 2, '35 C. S. A., assigning as error the reception and consideration of certain testimony and a communication from the warden of the penitentiary. The cause was docketed here September 21, 1946. A petition for stay of execution was denied by this court five days later. Four applications for extension of time for abstract and briefs having been granted the people here, the reply brief was filed April 17, 1947.

The first assignment goes to the admission of the testi-

mony of George F. Dunklee, Foster Cline and Bertha Biggers. Dunklee was the district judge who imposed the original sentence. He gave it as his opinion that fifteen years would have been a proper minimum. Cline was the district attorney who prosecuted Hill. He testified that twenty years to life would have been an average sentence. Biggers testified that she was the daughter of Hill and that she had a good home in Caldwell, Texas, to which she would take her father if released.

The second assignment goes to the testimony of Hill. He testified that he was then seventy-two years of age, that he received less than six dollars from the robbery, that he had been in the penitentiary for seventeen and one-half years with a clean record and that if released he would accept the offer of his daughter and make his home with her.

The third assignment goes to the court's receipt and consideration of a written communication from the warden of the state penitentiary stating that had Hill originally received a minimum sentence of fifty-nine years and six days he would have been eligible for release under the rules and regulations of that institution on October 1, 1946. In addition to the foregoing the district attorney introduced the witness Lyreman, a Denver police officer, so employed at the time of the original arrest and trial of Ives and Hill. He recited the facts which he recalled concerning the perpetration of the crimes of those men and their arrest and trial. He stated that Hill cooperated with the officers in every respect and, among other things, told them where Ives could be found.

The presiding judge then stated that had he been charged with the imposition of the original sentence, knowing all that was then known to the court, the minimum imposed would not have exceeded fifty years.

█ It could scarcely be expected that after the lapse of seventeen years all evidence originally desirable and available could be produced. It does appear that the best

evidence available was taken. No more could be required.

■ Although the district attorney is entitled to our judgment on questions important to the prosecution of similar cases in the future it is essential that material errors, prejudicial to the state in this case and covered by the assignments, must be disclosed by the record. It can scarcely be contended that a minimum sentence of fifty-nine years, resulting in an actual service of seventeen years, for a man now past seventy-two years of age, could possibly be prejudicial to the people, and no such prejudice is pointed out by the district attorney.

■ Certain questions entirely foreign to the assignments are discussed in the briefs. Since these have not yet arisen, and may never arise, they belong to that class concerning which we have already declared our reluctance to speak. *Gabriel v. Regents,* 83 Colo. 582, 587, 267 Pac. 407.

■ The procedure followed in the instant case conforms to our former holdings under similar circumstances. *O'Day v. People,* 114 Colo. 373, 166 P. (2d) 789; *People ex rel. Best v. District Court,* 115 Colo. 240, 171 P. (2d) 774; *Smith v. Best, Warden,* 115 Colo. 494, 176 P. (2d) 686.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.