No. 15,815.

DALIHUNT *v.* THE PEOPLE

(181 P. [2d] 463)

Decided May 26, 1947.

Mr. EARL WETTENGEL, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for the people.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was sentenced to life imprisonment April 29, 1924 on a verdict of guilty of aggravated robbery. No minimum sentence was fixed. January 28, 1933, the Governor commuted that sentence to twenty-five years to life and three days later granted a conditional parole on the ground that defendant had served "the minimum sentence." December 19, 1933, the chief executive revoked that parole for violation of its terms and ordered defendant reincarcerated under the maximum sentence. March 2, 1946, defendant moved the court of his original sentence to vacate it and resentence, fixing a minimum. Nine days later that motion was denied, and to review that judgment defendant prosecutes this writ, assigning as error the alleged illegality of the commutation and revocation and hence the illegality of the judgment refusing resentence.

If the commutation of defendant's original sentence was invalid to his prejudice this judgment must be reversed, if valid affirmed. Every other question arising

from the record has been heretofore settled by this court. *O'Day v. People,* 114 Colo. 373, 166 P. (2d) 789; *People ex rel. v. District Court,* 115 Colo. 240, 171 P. (2d) 774; *Smith v. Best, Warden,* 115 Colo. 494, 176 P. (2d) 686.

Defendant's position here is that the original sentence being defective for want of a minimum the commutation which assumed to fix a minimum was illegal, being an invasion of the judicial realm by the executive, hence the original sentence, so far as valid, stands and is subject to amendment by, and only by, the courts, and commutation, parole and revocation are as though they had never been. Regardless of the technical correctness of defendant's position on the validity of the commutation, he shows himself entitled to no relief here for two reasons: 1. He is not prejudiced; 2. He has waived the technical error.

1. The original maximum sentence was valid, but defendant was entitled to a minimum. In fixing that minimum a court would be powerless to take anything from the time already served and that inability was directly chargeable to defendant because of his neglect to make timely application for relief. No minimum short of one which would render him then eligible to parole could be of benefit and that the Governor afforded. If that action was illegal it redounded to defendant's benefit, not his injury. A minimum fixed by the court might have been higher and if less it would have been valueless. Having now obtained this commutation, which was all a court could have granted, he was promptly released from custody by the Governor's parole, a relief which no court could have given him. When, at liberty thereunder, he committed other grievous crimes, he forfeited his right to release under any minimum sentence and invoked upon himself the harsher maximum legally imposed by the court. It follows that he could not now be in any better position than he is, had the error complained of never occurred, hence he shows no prejudice.

2. Assuming the technical error of which defend-

ant complains he has waived it. He took the executive commutation, which was all the relief a court could have granted, and, based thereon and solely by reason thereof, he secured his parole, an executive discharge from custody which a court was powerless to grant. Unless it be a judicial obligation to force defendant's rights upon him against his will, and even to his detriment, he has waived all irregularities in the proceedings of which he complains.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE STONE and MR. JUSTICE HAYS concur.