No. 15,768.

BRISENO *v.* BEST, WARDEN.
(183 P. [2d] 261)

Decided June 30, 1947.

Mr. RALPH CARR, Mr. FRED M. MAZZULLA, Mr. WILBUR E. ROCCHIO, for plaintiff in error.

Mr. H. LAWRENCE HINKLEY, Attorney General, Mr. DUKE W. DUNBAR, Deputy, Mr. JAMES S. HENDERSON, Assistant, for defendant in error.

*In Department.*

Mr. Chief Justice Burke delivered the opinion of the court.

December 29, 1943, in the district court of Weld county, plaintiff in error, hereinafter referred to as defendant, entered a plea of guilty of murder in the second degree and was sentenced to life imprisonment, no minimum being fixed. He has since been so incarcerated. The statutory penalty for murder in the second degree is ten years to life. Herein defendant sought his discharge in the district court of Fremont county (in which the penitentiary is located) by writ of habeas corpus addressed to the warden. The writ was issued and the warden answered and moved to dismiss. That motion was granted. To review the judgment so entered defendant prosecutes this writ. Under his specifications he makes the following contentions: 1. That his sentence should have included a minimum term; 2. That because of that defect the sentence was void; 3. That by the expiration of the term of court at which he was sentenced the district court of Weld county lost jurisdiction; 4. That habeas corpus is his proper remedy and he is entitled to an absolute discharge.

In his first contention he is correct. *O'Day v. People,* 114 Colo. 373, 166 P. (2d) 789.

By recent decisions of this court in identical or similar cases, his second, third and fourth propositions have been held against him and we find no reason to re-state the law therein declared. *People ex rel. Best v. District Court,* 115 Colo. 240, 171 P. (2d) 774; *Smith v. Best, Warden,* 115 Colo. 494, 176 P. (2d) 686. Those decisions furthermore clearly point out that defendant's remedy is by amendment of the original sentence by the court which pronounced it.

The foregoing authorities are not cited in the briefs, but as reason therefor we mention the following facts:

The opening brief of plaintiff in error was filed here June 14, 1946; the answer brief was filed July 12, 1946; and the reply August 5, 1946. Our decision in *People ex rel. Best v. District Court*, 115 Colo. 240, 171 P. (2d) 774, was handed down July 29, 1946, and in *Smith v. Best*, 115 Colo 494, 176 P. (2d) 686, November 25, 1946.

Finding no reversible error in the record the judgment is affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE ALTER concur.