No. 19,489.

John Villalon *v.* The People of the State of Colorado.

(358 P. [2d] 1018)

Decided January 30, 1961.

328

Mr. SAM T. TAYLOR, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK E. HICKEY, Deputy, Mr. ROBERT G. PIERCE, Assistant, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

PLAINTIFF in error was defendant in the trial court and will hereinafter be referred to as defendant.

On March 3, 1955, defendant was charged in a 4-count criminal information with kidnapping (count 1), assault with a deadly weapon with the intent to kill or murder (count 2), a prior felony conviction (burglary) in 1949 resulting in a sentence to the State Reformatory (count 3), a prior felony conviction (grand larceny) in 1951 resulting in a sentence to the State Penitentiary (count 4). Although the record fails to disclose either the date

when defendant was arraigned or the pleas entered by him, it is readily apparent from the number and nature of trials which followed that when arraigned he entered a special plea of not guilty by reason of insanity at the time of the alleged commission of the offenses; a general plea of not guilty to counts 1 and 2, and denied that he was the person referred to in counts 3 and 4 of the information. On June 30, 1955, a jury returned a verdict finding defendant sane at the time of the alleged commission of the offenses charged in counts 1 and 2 of the information, and on July 11, 1955, a different jury found defendant guilty as charged in counts 1 and 2 of the information. Following receipt of these verdicts defendant was granted thirty days to file a motion for new trial. On July 12, 1955, apparently the same jury which had on July 11, 1955, found the defendant guilty under counts 1 and 2 returned verdicts finding defendant to be the same person referred to in counts 3 and 4 of the information. Defendant was again granted thirty days to file a motion for new trial. In due time motion for new trial was filed, and was argued and denied on September 6, 1955. On that same date the trial court imposed sentence as follows:

"And now neither the said defendant nor his counsel for him saying anything further why the judgment of the Court should not now be pronounced against him on the verdict of guilty as to Count No. 1; having twice before been convicted of felonies and sentenced under section 39-13-1 C.R.S. 1953 heretofore rendered in this *in this* cause

"Therefore it is ordered and adjudged by the Court that the said defendant Johnnie B. Villalon, also known as John Villalon b*y* [sic] taken from the bar of this Court to the common jail of Pueblo County, from whence he came, and from thence by the Sheriff of said Pueblo County, within ten days from this date to the Penitentiary of this State at Canon City, to be delivered to the Warden or Keeper of said Penitentiary and the said

Warden or Keeper is hereby required and commanded to take the body of said defendant, Johnnie B. Villalon, also known as John Villalon, and confine him in said Penitentiary in safe and secure custody for and during the term of not less than sixty (60) years nor more than ninety (90) years from and after the delivery thereof, all of said term at hard labor, and that he be thereafter discharged. It is further ordered by the Court that this sentence as to Count No. 1 is to run concurrent with the sentence as to Count No. 2; and

"Therefore, it is ordered and adjudged by the Court that the said defendant, Johnnie B. Villalon, also known as John Villalon, be taken from the bar of this Court to the common jail of Pueblo County, from whence he came, and from thence by the Sheriff of said Pueblo County within ten days from this date to the Penitentiary of this State at Canon City, and be delivered to the Warden or Keeper of said Penitentiary and the said Warden or Keeper is hereby required and commanded to take the body said defendant Johnnie B. Villalon, also known as John Villalon, and confine him in said Penitentiary in safe and secure custody for and during the term of not less than twenty-eight (28) years, nor more than forty-two (42) years from and after the delivery thereof, all of said term at hard labor, and that he be thereafter discharged. It is further ordered by the Court that this sentence as to Count No. 2 is to run concurrent with the sentence as to Count No. 1."

On May 29, 1957, defendant filed a "Motion to set aside a void and erroneous judgment, to discharge defendant or re-sentence him nunc pro tunc in accordance with the law * * *," and as grounds therefor it was contended that defendant was only nineteen years of age at the time he allegedly suffered the "felony" conviction referred to in count 3 of the information, and that accordingly under the definition of a "felony" as that word is defined by this court in *Smalley v. People,* 134 Colo. 360, 304 P. (2d) 902 (decided December 3, 1956; rehearing

denied December 31, 1956), defendant did not in fact suffer a "felony" conviction when in 1949 he was convicted of burglary and sentenced to the State Reformatory. This motion was argued on June 3, 1957, at which time the trial court granted the motion, vacated the previous sentences and re-sentenced defendant to not less than 29 years nor more than 30 years under count 1, and not less than 13 years nor more than 14 years under count 2, such sentences to run consecutively.

On April 6, 1960, defendant again filed with the trial court a "Motion to set aside a void and erroneous judgment and sentence; to discharge defendant, and for other orders." On May 16, 1960, this motion, after argument, was denied by the trial court, and the defendant is here by writ of error seeking reversal of that order.

It is the contention of defendant that in the original sentence imposed on September 6, 1955, the trial court through oversight or otherwise failed to sentence him on counts 1 and 2 of the information, and in fact sentenced him only on the habitual criminal counts 3 and 4; that accordingly defendant was never sentenced on counts 1 and 2 of the information (kidnapping and assault with a deadly weapon with intent to kill or murder) until June 3, 1957, some twenty-two months after his conviction on these charges. Such being the fact, defendant argues that the trial court lost jurisdiction of the matter because of the lapse of time between the date of conviction on counts 1 and 2 (July 11, 1955) and the date when it allegedly first imposed sentences on these counts (June 3, 1957); that because of undue delay in imposing sentences on counts 1 and 2 the defendant has been deprived of certain constitutional rights, namely the right to a "speedy" trial and "to due process of law." In this connection the only "constitutional rights" specifically referred to by defendant in his brief are those set forth in Article II, sections 6 and 16 of the Colorado Constitution, which respectively provide that "right and justice should be administered without * * * delay" and

that the accused shall have the right to a "speedy public trial." Additionally defendant cites C.R.S. '53, 39-7-12, providing that a trial must take place on or before expiration of the second term of court after filing of the charge.

 Obviously defendant's entire basis of complaint is grounded upon the premise that he was *not* sentenced under counts 1 and 2 until June 3, 1957. This initial premise is clearly refuted by the record quoted above, and as a result defendant's theory collapses of its own weight. The record clearly shows that defendant *was* sentenced on counts 1 and 2 on September 6, 1955. The fact that in its re-sentencing order of June 3, 1957, the trial court mistakenly stated that it was vacating the "sentence heretofore imposed on counts 3 and 4" cannot alter or change the undisputed fact found in the record itself that on September 6, 1955, the court very clearly and properly imposed sentences only on counts 1 and 2. Not only did defendant have a speedy trial, but within one term of court had three trials and the imposition of sentence. In such circumstances, the claim of defendant that he was deprived of his constitutional right to a speedy trial or that he was deprived of his liberty without due process of law is completely untenable.

 When the trial court sentenced this defendant on September 6, 1955, there was no suggestion that the court did not have complete jurisdiction both as to the subject matter and the person of the defendant. And the sentences imposed on that date were then believed by all concerned to be correct and proper sentences. It was not until *Smalley v. People,* supra, decided in December 1956, that it was held that a male person between the ages of sixteen and twenty-one who had not previously suffered a "felony" conviction must be sentenced to the State Reformatory (except upon conviction of certain crimes with which we are not here concerned), and that because the place of incarceration was other than the State Penitentiary such person had not within the mean-

ing of the Habitual Criminal Law suffered a "felony" conviction. When this fact was brought to the attention of the trial court, and it being further established by baptismal certificate that defendant was under twenty-one years of age when he was convicted of the offense set forth in count 3, the trial court vacated the erroneous sentence and imposed a proper one. In so doing the trial court simply followed the mandate of the Smalley case where the trial court was "directed to set aside the sentence and impose such sentence as it may determine under the statute in such case made and provided, with full time allowance thereon for time already served."

■ It has long been the rule in this state that in a criminal proceeding where the trial court has jurisdiction of the person of the defendant and of the subject matter, and has entered an erroneous judgment, such court retains jurisdiction to correct, modify or alter such erroneous judgment notwithstanding expiration of the term of court at which the erroneous judgment was pronounced. See *People, ex rel. Best v. District Court,* 115 Colo. 240, 171 P. (2d) 774; *Abeyta v. People,* 112 Colo. 49, 145 P. (2d) 884; *O'Day v. People,* 114 Colo. 373, 166 P. (2d) 789; *Briseno v. Best,* 116 Colo. 607, 183 P. (2d) 261; *Smith v. Best,* 115 Colo. 494, 176 P. (2d) 686; *Hart v. Best,* 119 Colo. 569, 205 P. (2d) 787; and *People v. Hill,* 116 Colo. 436, 181 P. (2d) 360. And the fact that there has been a considerable lapse of time and that many terms of court have intervened is immaterial. Indeed, in *People v. Hill,* supra, a lapse of some eighteen years occurred between the date of the imposition of the erroneous sentence and the date when the trial court imposed a correct sentence.

Perceiving no error in the record the judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE HALL concur.