No. 21470.

CHARLES WILLARD FERGUSON *v.* HARRY C. TINSLEY, WARDEN OF THE COLORADO STATE PENITENTIARY.
(401 P.2d 615)

Decided May 3, 1965.

Plaintiff in error, pro se.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, GEORGE H. SIBLEY, Special Assistant, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

PLAINTIFF in error, Charles Willard Ferguson, filed a petition for writ of habeas corpus in the trial court. He contended there, as he does here, that the sentence of not less than 20 years nor more than 30 years imposed upon him for the crime of robbery was null and void in that C.R.S. '53, 40-5-1, provides that one convicted of the crime charged against him should "be confined in the penitentiary for a term of not less than two years, or for life." The trial court refused to issue the writ on the ground that it appeared from the face of the petition that the relief sought could not be granted. From this judgment, Ferguson brings writ of error here.

■ Ferguson contends that the statute by its specific language limited the trial judge to sentence him either to two years, *or* to life imprisonment. He engages in an interesting argument in semantics to sustain his position. We hold that this controversy is foreclosed by the decision of this Court in *O'Day v. People,* 114 Colo. 373, 166 P.2d 789, where we construed the statute in question as though it read "a minimum of two years to a maximum of life." Ferguson's argument is that the rule in *O'Day* is of no effect and must yield to his position, because, in his view, *O'Day* is wrong. Despite this protestation, we adhere to the rule announced in *O'Day.*

The judgment is affirmed.