No. 23518.

THOMAS COLEMAN *v.* THE PEOPLE OF THE STATE OF
COLORADO.
(482 P.2d 378)

Decided March 22, 1971.

EDWARD H. SHERMAN, Public Defender, ROBERT T.

Burns, Assistant, Isaac Mellman, Special Assistant, for plaintiff in error.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Special Assistant, for defendant in error.

*In Department.*

Opinion by Rex H. Scott, District Judge.*

Coleman, hereinafter referred to as defendant, filed a motion in the trial court under Rule 35(b) of the Colorado Rules of Criminal Procedure, in which he sought review of his sentence on the grounds that he received no notice of his resentencing and was not present in court at resentencing. The trial court denied the motion on its face. The sole issue to be decided is the trial court's summary denial of defendant's motion without an evidentiary hearing.

In 1921 defendant was tried and convicted of robbery and given a life sentence. In 1946 this court held that all such life sentences had to be reviewed. *O'Day v. People,* 114 Colo. 373, 166 P.2d 789 (1946). The record shows that on January 13, 1947, defendant's sentence was vacated, and he was resentenced to twenty years to life. The record further reveals that the defendant initiated the proceedings to vacate his erroneous life sentence by the filing of his motion to set aside the erroneous life sentence. This motion was prepared by his attorney of record, now deceased. The record reflects in the *usual form and style:*

"* * * the said Defendant is brought to the bar of the Court, and it is enquired of him if anything he hath to say why judgment of the law should not now be pronounced against him. And he nothing saith."

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.

The mittimus was issued by the clerk of the court on January 14, 1947. The defendant was not received by the warden of the penitentiary pursuant to the mittimus until two weeks later. The inference is that while the defendant was brought from the prison to the Denver jail and later returned to the prison that he was never actually before the court, and the proceedings in the court on his resentencing were done as a matter of course on the usual forms and in his absence. Apparently, no great effort has been made either by defense counsel or the people to investigate the existence or nonexistence of stenographic notes or record or files shedding light on the issue of defendant's physical presence in court on the day set for resentencing.

■. If a motion under Rule 35(b) sets forth facts constituting grounds for relief from sentence, a hearing by the trial court must be granted unless the *motions, files,* and *records* satisfactorily show that the prisoner is not entitled to relief. *Roberts v. People,* 158 Colo. 76, 404 P.2d 848 (1965).

This matter is reversed and remanded to the trial court for an evidentiary hearing to determine whether the defendant was properly resentenced.

MR. CHIEF JUSTICE PRINGLE, MR. JUSTICE HODGES, and MR. JUSTICE ERICKSON concur.