### No. 25570

**The People of the State of Colorado ex rel. Duke W. Dunbar, Attorney General v. The District Court of the Twentieth Judicial District and the Honorable Howard O. Ashton, a Judge thereof**

(502 P.2d 420)

Decided November 6, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, Aurel M. Kelly, Assistant, for petitioners.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, T. Michael Dutton, Deputy, for respondents.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The People of the State of Colorado on the relation of the Attorney General petitioned this court to issue an order, pursuant to C.A.R. 21, directing the District Court of the Twentieth Judicial District and the Honorable Howard O. Ashton, a judge thereof, respondents, to show cause why a motion based on Colorado Rules of Criminal Procedure 35(a), filed in respondent court by Vernon Sides in Criminal Action No. 3315, should not be summarily dismissed without a hearing.

We issued the rule because of the question of jurisdiction in the respondent court. Also, we are advised, there are at least eight other cases in which felons under sentence of life imprisonment have been granted credit for jail time after executive commutation of their sentences. Consequently, we deem the matter to be of great public concern. We now make the rule absolute.

Between December 2, 1958, and October 23, 1959, Vernon Sides was charged, tried and convicted by a jury and sentenced to imprisonment "for the balance of his natural life" for murder in the first degree, all in conformance with C.R.S. 1963, 40-2-3(1).

On March 13, 1972, the Governor of the State of Colorado commuted Sides' sentence to a minimum of thirty years and a maximum of life imprisonment.

On April 24, 1972, Sides, pro se, filed a motion to amend his life sentence in Criminal Action No. 3315, alleging the sentence was illegal and asking that the respondent court grant him credit for eleven months and five days which he spent in the county jail between his arrest and the imposition of sentence. Sides' petition is based on our decision in *People v. Jones,* 176 Colo. 61, 489 P.2d 596 (1971). The Public Defender represents the respondents here as attorney for Sides.

In his motion Sides stated:

"2. That when he commuted defendant's sentence, the Governor did not know nor have access to records that would reveal the amount of time that defendant spent in custody in the Boulder County Jail, and no provision was made to credit

said jail time against the 30 year minimum sentence set by the Governor."

The Public Defender further contends that the trial court must hold a hearing to determine the validity of Sides' sentence and to determine whether or not the District Court has jurisdiction to entertain the defendant's motion. The Attorney General maintains that the court has no jurisdiction to entertain the Rule 35(a) motion under the facts of this case. We agree with the Attorney General.

The record of the proceedings in the District Court, copy of which was attached to the Attorney General's petition, shows that the defendant Sides was regularly charged with first-degree murder and that the jury returned a verdict finding the defendant guilty as charged and fixed the penalty at life imprisonment. The minimum sentence was for the defendant's natural life and the maximum sentence was the same.

The jurisdiction of the trial court, so far as we are here concerned, lies within Rule 35(a) which provides:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a remittitur issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review, or having the effect of upholding a judgment of conviction."

■ The jury having found the defendant guilty of first-degree murder and having fixed the penalty at imprisonment for life, the court had no discretion but to "give sentence accordingly." C.R.S. 1963, 40-2-3(1). The sentence was neither *illegal* nor was it imposed in an *illegal manner*.

■ The court lost jurisdiction to change the valid and legal sentence imposed after the defendant commenced serving his sentence.

■ *People v. Jones*, 176 Colo. 61, 489 P.2d 596 (1971), did not purport to treat situations such as the one presented

to us here. It related to instances involving claims for credit for time upon prior sentences where the defendant was unable to make bail prior to trial. Here the defendant was not entitled to bail. Article II, Section 19, Constitution of Colorado. *Corbett v. Patterson,* 272 F.Supp. 602 (1967).

 Moreover, the District Court cannot alter or amend the commuted sentence imposed by the executive. The Governor has the exclusive "Power to grant reprieves, commutations and pardons after conviction." Article IV, Section 7, Constitution of Colorado. The judicial department cannot interfer with the executive department, except where constitutionally permissible. Article III, Constitution of Colorado.

The rule heretofore issued is made absolute.