## No. 26646

**Larry Smith v. Mitchel B. Johns, One of the Judges of the District Court of the Second Judicial District of the State of Colorado, and the District Court of the Second Judicial District of the State of Colorado**

(532 P.2d 49)

Decided February 10, 1975.

Lewis and Ellwood, Henry V. Ellwood, for petitioner.

Dale Tooley, District Attorney, O. Otto Moore, Assistant, Brooke Wunnicke, Chief Appellate Deputy, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

This is an original proceeding in the nature of prohibition. The petitioner (called defendant) age 18, pled guilty to one count of aggravated robbery and one count of assault in the first degree. Each of these is a class three felony. He was sentenced on April 18, 1974, to the state reformatory for two terms with a minimum of 20 years and a maximum of 30 years, to be served concurrently.

During the hearing on April 18th, counsel for the defendant made a brief argument seeking to have the defendant sentenced to the state reformatory at Buena Vista, rather than to the state penitentiary at Canon City. The court stated, "I am not going to sentence him to Canon City, so you can just save your breath." At the close of the hearing defendant was sentenced as stated. The court's intent at that time was clear — that the defendant was

to serve his sentence in the reformatory. He began serving his sentence at that institution on April 26, 1974.

On May 30, 1974, the Programming Coordinator of the Diagnostic Unit at the Colorado state reformatory wrote a letter to the court, stating that Colorado statutes indicate that sentences to the reformatory are to be indeterminate. He stated further that the Attorney General's office had advised that fixed sentences to the reformatory should conform to the maximum sentence, but that the minimum should be stricken. The letter from the reformatory then indicated the writer's opinion as to the vicious nature of the defendant's assault, and the defendant's unremorseful attitude concerning it. Resentencing was suggested in the letter from the reformatory.

The district attorney subsequently made a motion for the correction of the sentence, under Crim. P. 35(a). The court held a hearing and vacated the original sentence. The defendant was re-sentenced to the state penitentiary for two terms of not less than 20 nor more than 30 years, to be served concurrently. Crim. P. 35(a) states:

"The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein [120 days] for the reduction of sentence."

Where a trial court has jurisdiction of a person of the defendant and of the subject matter, and has imposed a sentence in error, the court retains jurisdiction to correct the sentence. *See Villalon v. People,* 145 Colo. 327, 358 P.2d 1018 (1961), and cases cited therein. Conversely, if the original sentence is a valid one, the trial court loses jurisdiction to change the sentence. *See People ex rel. v. Dunbar,* 180 Colo. 107, 502 P.2d 420 (1972), and *Guerin v. Fullerton,* 154 Colo. 142, 389 P.2d 83 (1964).

The district attorney contends that the original sentence was illegal because of the following provision: "Courts sentencing any person to the Colorado state reformatory shall not fix a minimum term . . ." C.R.S. 1963, 39-11-302.[1] A corrective statute, C.R.S. 1963, 39-11-303,[2] adopted in 1958 reads:

---

[1]Now section 16-11-302, C.R.S. 1973.
[2]Now section 16-11-303, C.R.S. 1973.

"If, through oversight or otherwise, any person is sentenced or committed to imprisonment in the Colorado state reformatory for a definite period of time, the sentence or commitment shall not for that reason be void, but the person so sentenced or committed shall be subject to the liabilities and entitled to the benefits which are applicable to those persons who are properly sentenced to the Colorado state reformatory."

The district attorney's principal contention is that section 39-11-303, has been in our statutes virtually unchanged since 1889. He further argues that in 1962 an amendment to Colo. Const. Art. VI, § 21 expressly granted to this court the power to promulgate rules governing practice and procedure in civil and criminal cases. He argues that since Rule 35(a) constitutes a lawful exercise of the constitutionally authorized rule-making power, the right to correct a judgment under the rule supersedes the corrective statute quoted above; or, at least, grants the court independent power to correct the error in sentencing. The district attorney has cited *People v. Emig,* 177 Colo. 174, 493 P.2d 368 (1972); *Casias v. People,* 148 Colo. 544, 367 P.2d 327 (1961), *cert. denied,* 369 U.S. 862, 82 S.Ct. 952, 8 L.Ed.2d 20 (1962); *Hart v. Best,* 119 Colo. 569, 205 P.2d 787 (1949); *People v. Hill,* 116 Colo. 436, 181 P.2d 360 (1947); *People ex rel. Best v. District Court of Pueblo County,* 115 Colo. 240, 171 P.2d 774 (1946).

■ We find no irreconcilable inconsistency between the statute and the rule. The statute corrects a specific error committed in sentencing. It changes the erroneous sentence automatically, with the same effect as if the judge had sentenced correctly.

"The [legislative] Moving Finger writes; and, having writ,
Moves on: nor all your Piety nor Wit
Shall lure it back to cancel half a Line,
Nor all your Tears wash out a Word of it."[3]

Thus, the court in altering the original sentence acted in excess of jurisdiction.

We think we are not changing the law as stated in the previously cited cases. The corrective statute in this case requires us to reach this result here. The court should adjust its records and the

---

[3]Fitzgerald's translation of The Rubaiyat of Omar Khayyam, st. 71.

mittimus to show the sentence as indeterminate in the reformatory with a maximum of 30 years.

We do not reach the double jeopardy issue of whether after the defendant has commenced service of a sentence, a court may change an erroneous sentence, if the effect is to increase the punishment. *See United States v. Benz,* 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931).

Rule made absolute.

MR. JUSTICE ERICKSON concurs in the result.