The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

L. C. DEMPSEY, Defendant-Appellant.

No. 80CA0687.

Colorado Court of Appeals, Div. I.

Jan. 29, 1981.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Susan P. Mele-Sernovitz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Michael Heher, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

The defendant pleaded guilty to robbery committed on July 28, 1979, and was sentenced to a term of three years, plus one year of parole, to run concurrently with the sentence then being served by him. *See* § 18–4–301(2), C.R.S.1973; § 18–1–105(1)(a), C.R.S.1973 (1979 Cum.Supp.). The sentence recites: "This sentence is imposed after giving full consideration for all presentence confinement which the defendant has undergone with respect to the transaction for which he is being sentenced, and the sentence imposed reflects that credit was given for such confinement."

The defendant's post-conviction motion for correction of the sentence was denied by the trial court in an order reciting "that the Court in giving a three-year sentence did consider the time the defendant spent in the county jail." The defendant contends that § 16–11–306, C.R.S.1973 (1979 Cum. Supp.) requires the court to make a finding of the amount of the presentence confinement served, and to include this finding in the mittimus. The attorney general agrees, and has confessed error. We remand the case to the trial court for further proceedings.

Section 16–11–306, C.R.S.1973 (1979 Cum. Supp.), became effective July 1, 1979. It provides:

"A person who is confined prior to the imposition of sentence is entitled to credit against the term of his sentence for the entire period of such confinement. At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offender is entitled and shall include such finding in the mittimus. Such period of confinement shall be deducted from the sentence by the Department of Corrections."

This section removes from the trial court the discretion whether to grant or deny a defendant credit against his sentence for presentence confinement time, and imposes upon the Department of Corrections a duty to assure that credit is given in every case. Under the later statute, the only judicial function is to make a finding of fact concerning the number of days spent by a defendant in presentence confinement.

The case is remanded to the trial court with directions to set aside the sentence, and for such further proceedings as may be necessary to determine the number of days spent by the defendant in presentence confinement, and to impose an amended sentence and issue a mittimus in compliance with § 16–11–306, C.R.S.1973, (1978 Repl. Vol. 8). In this connection, *see Coleman v. People*, 174 Colo. 94, 482 P.2d 378 (1971).

ENOCH, C. J., and TURSI, J., concur.