The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

James **CHESNICK**, Defendant–Appellant.

No. 88CA1744.

Colorado Court of Appeals, Div. I.

July 26, 1990.

Rehearing Denied Aug. 30, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John J. Krause, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Robin Desmond, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge HUME.

Defendant, James Chesnick, appeals the order of the trial court reinstating the terms and conditions of his probation. We reverse and remand with directions.

Defendant was sentenced and placed on three years' probation in March 1982, and he subsequently filed a notice of appeal. Defendant filed monthly probation reports in April, May, and June of 1982. In June 1982, the prosecution filed a complaint for revocation of probation, alleging violation of the trial court's order requiring defendant to pay restitution and other costs. In July 1982, the prosecution withdrew the revocation complaint, and defendant was granted a personal recognizance appeal bond.

This court affirmed defendant's conviction in July 1985, and a mandate was issued on December 16, 1985. In February 1986, defendant appeared before the trial court seeking the appointment of private counsel to represent him in obtaining post-conviction relief. The court denied defendant's motion and, believing that the period of defendant's probation had expired, ruled that: "Probation is terminated. The bond is discharged. The case is closed." The prosecution did not contemporaneously object to the court's ruling, nor did it seek appellate review pursuant to C.A.R. 4(b)(2).

In April 1987, the prosecution filed a motion to reinstate and to commence the execution of the probationary sentence. As grounds for the motion, the prosecution argued that defendant's probation was stayed pursuant to C.A.R. 8.1(a)(4) at the time defendant filed his notice of appeal, and that defendant had never commenced his three-year probationary sentence. An amended notice was also filed indicating that the motion to reinstate would be heard in May 1987. It appears from the record that defendant did not receive notice of the hearing and, following his failure to appear, a bench warrant for his arrest was issued in September 1987. Defendant was subsequently arrested in Michigan and returned to Colorado pursuant to the warrant.

In September 1988, the trial court entered an order *nunc pro tunc* to December 16, 1985, reinstating the terms and conditions of defendant's probation.

Defendant contends the trial court lacked jurisdiction to reinstate his probation after probation had been terminated and the case dismissed. We agree.

Here, even if we assume that the trial court's February 1986 order terminating defendant's probation was erroneous as a matter of law, the remedy available to the prosecution was to file an appeal within 45 days pursuant to C.A.R. 4(b)(2), challenging the propriety of the court's order. Having failed to do so, the prosecution was precluded from seeking a reimposition of probation nearly 15 months after probation was terminated. The February 1986 ruling was final. *See Stillings v. Davis,* 158 Colo. 308, 406 P.2d 337 (1965). Therefore, we conclude that the trial court thereafter lacked jurisdiction to reinstate defendant's probation. *See People v. Campbell,* 738 P.2d 1179 (Colo.1987); *see also Smith v. Johns,* 187 Colo. 388, 532 P.2d 49 (1975).

In light of our foregoing conclusions, we need not address defendant's remaining contentions of error.

The order reinstating probation is vacated, and the cause is remanded to the trial

court for entry of an order terminating probation.

PIERCE and CRISWELL, JJ., concur.