Gary WALKER, Plaintiff–Appellant,

v.

**William ARRIES, County Court Judge for Weld County, Colorado, Defendant–Appellee.**

No. 95CA0246.

Colorado Court of Appeals, Div. III.

Nov. 2, 1995.

Dickson and Dickson, P.C., Charles B. Dickson, Greeley, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Alesia M. McCloud–Chan, Assistant Attorney General, Denver, for Defendant–Appellee.

Opinion by Judge JONES.

Plaintiff, Gary Walker, appeals the district court's dismissal of his complaint under C.R.C.P. 106(a)(4). We affirm.

The following facts are not in dispute. In 1994, plaintiff was charged in the Weld County Court under § 42–4–1202, C.R.S. (1993 Repl.Vol. 17), now recodified at § 42–4–1301, C.R.S. (1995 Cum.Supp.), with one count of driving under the influence of alcohol and a second count of driving with excessive alcohol content. At a pre-trial conference, a plea agreement was negotiated and thereafter presented to the county court. The terms of the agreement were that, in consideration for dismissal of count two, plaintiff would plead guilty to the first count. The agreement made reference to plaintiff's alcohol level and specified plaintiff had "no priors."

Without further information, the county court proceeded to immediate sentencing. The plaintiff was placed on probation, ordered to perform useful public service, referred to the probation department for an alcohol evaluation, fined, and assessed various court costs.

Later in the day, the county court discovered that, in 1993, plaintiff had pled guilty to driving while ability impaired, and had received a deferred sentence. A meeting the

next day with the deputy district attorney and plaintiff's attorney disclosed that they had agreed that the present offense would not result in the revocation of plaintiff's deferred sentence and that, consequently, neither party believed the 1993 plea constituted a prior conviction for sentencing purposes.

Subsequent to this meeting, defendant here, county court Judge William Arries, ordered the parties to appear for resentencing. Plaintiff then initiated this action in the district court, pursuant to C.R.C.P. 106(a)(4), contending that the order was in excess of the county court's jurisdiction. The county judge filed a motion to dismiss the complaint. Following a hearing, the district court granted the motion and this appeal followed.

Plaintiff's sole contention is that the district court erred in dismissing his C.R.C.P. 106(a) claim. The crux of plaintiff's argument is that the original sentence imposed by the county judge was valid and, hence, that judge lost jurisdiction to reconsider whether, in light of the 1993 plea and deferred sentence, a different sentence would be more appropriate. We disagree with plaintiff.

 The district court's scope of review in a C.R.C.P. 106(a)(4) proceeding is strictly limited to determining whether defendant exceeded his jurisdiction or abused his discretion. *Pueblo v. Fire & Police Pension Ass'n,* 827 P.2d 597 (Colo.App.1992). On appeal, this court is governed by the same standard as the district court.

 If the original sentence imposed by a trial court is valid, that court is without jurisdiction subsequently to revise or alter the sentence. *People ex rel. Dunbar v. District Court,* 180 Colo. 107, 502 P.2d 420 (1972). If, on the other hand, the original sentence is invalid, that is, the sentence entered was illegal or imposed in an illegal manner, then the court has the "right and duty" to set the sentence aside. *Smith v. Johns,* 187 Colo. 388, 532 P.2d 49 (1975); *People v. Emig,* 177 Colo. 174, 177, 493 P.2d 368, 369 (1972). *See also* Crim.P. 35(a).

The dispositive issue before us is, thus, whether the original sentence entered by the county judge was valid. We conclude that it was not.

The pertinent statutory provisions, now codified as § 42–4–1301(9)(a) & (b), C.R.S. (1995 Cum.Supp.), define alcohol and drug-related offenses and set forth a mandatory sentencing scheme upon conviction thereof. Of critical significance is § 42–4–1301(9)(e)(I), C.R.S. (1995 Cum.Supp.) which provides in pertinent part:

> The court shall consider the alcohol and drug evaluation required pursuant to subsection (5) of this section prior to sentencing; except that the court may proceed to immediate sentencing without considering such alcohol and drug evaluation *if the defendant has no prior or pending charges under this section and neither the defendant nor the prosecuting attorney objects.* (emphasis added)

 Thus, under the express terms of this sentencing statute, immediate sentencing is contingent upon both an agreement between the parties to proceed in such a manner and the absence of prior *charges* under § 42–4–1301.

 The undisputed facts in the record reveal that one of these contingencies simply was not met here. Plaintiff's 1993 plea confirms conclusively that he had a prior *charge* still pending under § 42–4–1301 because he was not entitled to entry of an order dismissing the prior proceeding until he satisfied the conditions of the deferred sentence. Regardless of why this information was withheld at the time the plea agreement was presented, the fact remains that the county court had no authority, under the circumstances, to proceed to immediate sentencing. In doing so, the court sentenced plaintiff in an illegal manner, thereby invalidating the sentence. *See Smith v. Johns, supra; People v. Emig, supra.*

This analysis is consistent with the General Assembly's intent throughout § 42–4–1301 to link sentencing to *presentence* reports which explore, specifically, a defendant's prior traffic record, characteristics, history of alcohol or drug problems, and amenability to rehabilitation. *See* § 42–4–1301(10)(c), C.R.S. (1995 Cum.Supp.). In order not to circumvent this express intent in situations of immediate sentencing, a broader inquiry of a defendant

charged and convicted under this statutory scheme is required. Our conclusions are bolstered by the General Assembly's selective use of the term "charges" in referring to situations permitting immediate sentencing. *See* §§ 42–4–1301(9)(e) and 42–4–1301(10)(c), C.R.S. (1995 Cum.Supp.).

In light of our conclusion that the original sentence was imposed in an illegal manner, the sentence entered was invalid and the county judge has "a right and a duty" to reconsider plaintiff's sentence or to consider withdrawal of his guilty plea. Accordingly, we hold that the district court did not err in dismissing plaintiff's complaint.

The judgment of dismissal is affirmed.

RULAND and BRIGGS, JJ., concur.