Gerald L. Agee, Director Division of Correctional Services Department of Institutions 4150 South Lowell Boulevard Denver, Colorado 80236
Dear Jerry:
In response to your request of January 17, 1977, I have reviewed my opinion of June 15, 1976 and have determined that clarification is in order. Accordingly, please treat this opinion letter as a supplement to the former opinion letter.
QUESTIONS PRESENTED AND CONCLUSIONS
You have asked two questions concerning the prior opinion letter:
1. What is the effect of prior commutations which would increase the time remaining to be served before consideration by the parole board beyond the ten year time period specified in C.R.S. 1973, 17-1-207(3)?
 My conclusion is that no prior commutation could extend the time for consideration by the parole board.
2. What is the applicability of the good time provisions of C.R.S. 1973, 27-20-107 to the ten year time period specified in C.R.S. 1973, 17-1-207(3)?
 My conclusion is that the good time provisions do not apply in calculating the ten year time period.
ANALYSIS
First, concerning the effect of prior commutations, it is clear that the intent of such commutations was not to extend but rather to expedite the time period specified for consideration by the parole board. Moreover, the Governor's clemency power does not extend to lengthening sentences, which would be an invasion of the power and prerogative of the judiciary and might constitute a bill of attainder and a violation of due process as well. The Governor has no authority to increase the amount of any sentence.See Colorado Constitution, Article IV, Section 7. For the Governor to increase the amount of a sentence imposed by a trial court would represent the converse of the judicial invasion of executive prerogative declared illegal in People ex rel.Dunbar v. District Court, 180 Colo. 107, 502 P.2d 420
(1972). Merely to state the proposition is to refute it.
Your second question, concerning the applicability of good time reductions to the ten year time limit for consideration by the parole board, is also relatively easily answered. C.R.S. 1973, 27-20-107 provides for the earning of good time credits to be applied to the maximum and minimum "term of confinement." Since the "term of confinement" is life under a life sentence, nothing in the good time statute would modify the provision of C.R.S. 1973, 17-1-207(3). Likewise, nothing in the good time statute would serve to reduce the ten calendar year minimum time limit for consideration by the parole board. The ten years can under no circumstances be construed as a "term of confinement," and the use of the term "calendar year" signifies legislative intent that no good time reduction be applied.
SUMMARY
A person sentenced to "straight" life is eligible for parole after ten calendar years. Good time does not apply in calculating the 10-year period.
Very truly yours,
 J.D. MacFARLANE Attorney General
CORRECTIONS SENTENCE AND SENTENCING PROBATION AND PAROLE
C.R.S. 1973, 17-1-207
C.R.S. 1973, 27-20-107 C.R.S. 1973, 18-1-105
Colo. Const. art. IV, § 7
INSTITUTIONS, DEPT. OF Administration Executive Director CORRECTIONS, DEPT. OF GOVERNOR, OFFICE OF
A person sentenced to "straight" life is eligible for parole after ten calendar years. Good time does not apply in calculating the 10-year period. (N.B. This opinion is to be read in conjunction with the June 15, 1976 formal attorney general opinion to Raymond Leidig, M.D. and Gorden W. Heggie.)