James L. Kurtz-Phelan, Esq. Legal Advisor to the Governor State of Colorado 136 State Capitol Denver, Colorado 80203
Dear Mr. Kurtz-Phelan:
Your inquiry of September 24, 1979, has been directed to me for a response.
QUESTION PRESENTED AND CONCLUSION
The question posed is as follows:
If the Governor commutes an inmate's minimum sentence for the purpose of accelerating that inmate's parole eligibility date, does such a commute foreclose or preempt administrative or judicial remedies otherwise available?
 It is my conclusion, after reviewing recent Colorado cases, that the Governor's action in commuting an inmate's sentence has no direct bearing on the jurisdiction of the courts to consider a request for reduction or modification of sentence.
ANALYSIS
Several cases have held that the courts are without jurisdiction "to reduce or in any way alter or amend" a sentence commuted by the Governor. People v. Sims, 186 Colo. 447,528 P.2d 228 (1974); People ex rel Dunbar v.District Court, 180 Colo. 107, 502 P.2d 425 (1972). The rationale of these cases appears to be that since, under the Colorado Constitution, the Governor has the exclusive "power to grant reprieves, commutations, and pardons afterconviction", any action by the courts in reducing a commuted sentence would encroach upon the executive's power in this regard. Article IV, section 7, Constitution of Colorado.
The most recent supreme court decision, however, indicates that the operative words here are "after conviction." In McClurev. District Court, 187 Colo. 359, 532 P.2d 340 (1974) (copy enclosed), the court held that where a defendant's conviction has not become "final" as, for example, where an appeal is pending, jurisdiction remains in the judicial branch to modify the defendant's sentence, despite an intervening commutation by the Governor. ("Finality" of a conviction has, alone, been the subject of a number of cases, the result of which is not entirely clear). Thus, under McClure, the question is not whether the Governor has commuted a defendant's sentence, but rather whether the defendant has initiated available judicial remedies for reduction or modification of sentence prior to his conviction becoming "final."
If I can be of any further assistance, please contact this office.
SUMMARY
Commutation of an inmate's sentence by the governor does not preclude an inmate from pursuing judicial remedies otherwise available to him for the reduction of his sentence, if the commutation occurs prior to his conviction becoming final.
FOR THE ATTORNEY GENERAL
 William Morris Assistant Attorney General Litigation Section
 SINCE ITS ISSUANCE THIS OPINION LETTER WAS ADOPTED AS A FORMAL OPINION OF THE ATTORNEY GENERAL BY ATTORNEY GENERAL J.D. MacFARLANE
GOVERNOR SENTENCE AND SENTENCING
EXECUTIVE BRANCH Governor, Office of
Commutation of an inmate's sentence by the governor does not preclude an inmate from pursuing judicial remedies otherwise available to him for the reduction of his sentence, if the commutation occurs prior to his conviction becoming final.