## No. 79SC251

## Alfred Quintana v. The People of the State of Colorado

(613 P.2d 1308)

Decided July 21, 1980.

J. Gregory Walta, State Public Defender, Thomas M. Van Cleave, III, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Richard F. Hennessey, Deputy, Mary J. Mullarkey, Solicitor General, William Morris, Assistant Attorney General, for respondent.

*En Banc.*

CHIEF JUSTICE HODGES delivered the opinion of the Court.

Quintana's petition for certiorari was granted to review the decision of the Colorado Court of Appeals in *People v. Quintana,* 42 Colo. App. 477, 601 P.2d 637 (1979). The sole issue is whether the trial court abused its discretion in denying Quintana's Motion for Correction of Mittimus pursuant to Crim. P. 36. This motion was filed by Quintana after his sentence for aggravated robbery had been commuted by the governor. The court of appeals affirmed the trial court's denial, and after review, we affirm the judgment of the court of appeals.

Petitioner Quintana was originally sentenced to fifty to sixty years' imprisonment on his conviction for aggravated robbery and five to ten years' imprisonment on his conviction for conspiracy. The sentences were ordered to be served concurrently. The order of judgment and sentence stated: "Further Order: Time already served in county jail be credited to this sentence." However, the order failed to indicate the amount of time to be credited.

In response to a request by the petitioner, the trial court issued an amended order of judgment and sentence *nunc pro tunc,* which reflected the time already served to be three years, one month and twenty-eight days. Shortly thereafter, the trial court sent a letter to the petitioner indicating that he had "ordered an Amended Mittimus giving you credit for three years, one month and twenty-eight days."

Apparently through a typographical error, the wrong word was crossed off the amended form order of judgment and sentence (mittimus) indicating that credit for time served would not be given. Shortly thereafter, the governor commuted the petitioner's sentence on the aggravated robbery conviction to a minimum of twenty-nine years and a maximum of forty years. There was no mention of credit for time served in the governor's commutation order.

Almost a year later, the petitioner filed a motion seeking correction of the apparent clerical error, which motion was denied by the trial court.

Crim. P. 36 provides:

"Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission *may* be corrected by the court at any time and after such notice, if any, as the court orders." (Emphasis added.)

The language of this rule indicates that the decision to correct the error is discretionary rather than mandatory. *See Raymond Lee Organization,*

*Inc. v. Securities Commission,* 36 Colo. App. 417, 543 P.2d 75 (1975). Although there may be a valid reason to correct a clerical error in a mittimus at any time, the governor's commutation in this case superseded the original sentence, and the trial court's subsequent correction of the mittimus could have no effect upon the sentence as commuted. *See People v. Simms,* 186 Colo. 447, 528 P.2d 228 (1974) and *People ex rel. Dunbar v. District Court,* 180 Colo. 107, 502 P.2d 420 (1972).

This is not to say that the trial court was without jurisdiction to correct the clerical error. However, absent a showing in the record that the defendant was in some way prejudiced by the clerical mistake, we cannot say that the trial court abused its discretion in refusing to grant the Crim. P. 36 motion.[1]

The judgment of the court of appeals is affirmed.

---

[1] There has been much speculation in the briefs and oral argument regarding the effect of the presentence confinement mistake upon the commutation ordered by the governor. There is nothing in this record to demonstrate that even if the mittimus had been correct, there would be any difference in the commutation order.