**David Earle JOHNSON,**
**Petitioner-Appellee,**

v.

**John PERKO, Acting Director and/or his Successor, Colorado Department of Corrections, Lena Dice, Time Computation Administrator, Colorado Department of Corrections, Gene Tollis, Director, Offender Records, Colorado Department of Corrections, and the Colorado Department of Corrections, Respondents-Appellants.**

**No. 83CA0925.**

Colorado Court of Appeals,
Div. I.

July 5, 1984.

Certiorari Dismissed Dec. 6, 1984.

Atty. Gen., Denver, for respondents-appellants.

PIERCE, Judge.

Respondents appeal a trial court order requiring the Department of Corrections to comply with an amended mittimus entered by another trial judge after commutation of defendant's sentence by the Governor. We reverse and remand.

In 1975, petitioner was convicted of three counts of aggravated robbery, and sentenced to three consecutive terms of not less than 13 years nor more than 40 years. In 1980, the Governor commuted petitioner's minimum sentences and, in 1982, reduced the time requirement for his parole eligibility by six years. Despite these commutations, the maximum sentence remained the same.

After entry of these commutations, petitioner filed a motion for post-conviction relief under Crim.P. 35(c), and the district court ordered that:

> "[A]n amended mittimus be issued reflecting credit for defendant's presentence confinement of 463 days so that the total amount of such time is credited to both the minimum and maximum end of defendant's sentence...."

The Department of Corrections refused to comply with this amended mittimus, advising petitioner that he would receive the presentence credit on his maximum sentence, but not on the minimum because of the terms of the commutation and sentence reduction ordered by the Governor.

In response, petitioner filed a petition in mandamus pursuant to C.R.C.P. 106. The trial court granted this petition by entering an order requiring the Department to comply with the amended mittimus. This was error.

With the exception of the narrow application of Crim.P. 35(a) as to illegal or illegally imposed sentences, a trial court loses its jurisdiction to change a sentence imposed after a defendant commences serving his sentence, nor can a court alter or

Victoria S. Metcalf, William R. Durland, Colorado Springs, for petitioner-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. DeMuro, Asst.

amend a sentence which results from a commutation by the Governor.

■■■ The Governor has the exclusive "power to grant reprieves, commutations and pardons after conviction...." *Colo. Const.* art. IV, § 7. If such commutation is constitutionally permissible, the judicial department cannot interfere with the executive department relative thereto. *People ex rel. Dunbar v. District Court,* 180 Colo. 107, 502 P.2d 420 (1972). Thus, after a Governor's commutation of a sentence legally imposed by a court, any judicial change in the sentence can have no effect, and the jurisdiction of the court attempting to change such a sentence may be collaterally attacked. *Quintana v. People,* 200 Colo. 258, 613 P.2d 1308 (1980); *see People v. Simms,* 186 Colo. 447, 528 P.2d 228 (1974).

Accordingly, the order of the trial court for compliance with and enforcement of the amended mittimus is reversed and the cause is remanded to the trial court with instructions that it vacate its order.

SMITH and STERNBERG, JJ., concur.