**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Michael D. BOTTENFIELD, Defendant–Appellant.**

No. 04CA1435.

Colorado Court of Appeals, Div. II.

May 18, 2006.

Certiorari Dismissed Nov. 7, 2006.

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2005.

John W. Suthers, Attorney General, John J. Fuerst, III, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Stanley M. Morris, Cortez, Colorado, for Defendant–Appellant.

GRAHAM, J.

Defendant, Michael D. Bottenfield, appeals the judgment of conviction entered upon his guilty plea to felony menacing-domestic violence and third degree assault. He also challenges the sentence imposed. We dismiss the appeal as to the judgment and affirm the sentence.

Pursuant to a plea agreement, defendant pleaded guilty to menacing-domestic violence, a class five felony, and third degree assault, a class one misdemeanor, in exchange for the dismissal of other charges against him. The parties also stipulated to a six-year sentence to the Department of Corrections (DOC) to be suspended on the conditions that defendant serve one year in jail for the misdemeanor charge, concurrent with the suspended sentence, and that he remain law abiding. The trial court sentenced defendant pursuant to the plea agreement. There was no agreement that the year served in jail would count as a credit against any sentence imposed on the felony should the suspension be lifted at a later time.

Approximately nine months later, the People filed a motion to impose the suspended sentence. The parties then entered into a second agreement under which defendant would confess the motion to impose the suspended sentence and the People would agree to a four-year cap on a sentence to the DOC.

The second agreement also included this paragraph:

> [T]he defendant has made this plea knowingly and voluntarily and further acknowledges by said plea of guilty that all rights of appeal are waived, and likewise all rights under Rule 35(b) of the Colorado Rules of Criminal Procedure are waived unless expressly reserved in this agreement or otherwise excepted by the Court at or prior to the time of sentencing.

The trial court sentenced defendant to four years in the DOC based, in part, on his prior felony convictions and granted him a total of 350 days credit for his presentence confinement: 142 days for confinement prior to the suspended sentence and misdemeanor jail term and 208 days for confinement prior to the imposed four-year sentence to the DOC.

Defendant contends that the plea agreement was breached because the trial court did not credit him with time for the year served on the misdemeanor conviction when it resentenced him to the DOC. He also contends that his sentence is illegal because the court improperly aggravated it based on facts not admitted by him or pleaded and proved to a jury. The People contend that he waived his right to appeal as part of a negotiated plea agreement and therefore, the appeal should be dismissed. We agree with the People in part.

### I. Waiver of Right to Appeal

The right to appeal a criminal conviction is not provided for in the United States or Colorado Constitutions. Rather, it is permitted by statute. Section 16–12–101, C.R.S. 2005; *In re Patterson,* 136 Colo. 401, 317 P.2d 1041 (1957).

Waiver is the intentional relinquishment or abandonment of a known right or privilege. *People v. Alengi,* 114 P.3d 883 (Colo.App.2004) (*cert. granted* June 27, 2005).

■ The waiver of a statutory right must be made freely and voluntarily. *People v. Wiedemer,* 852 P.2d 424 (Colo.1993); *People v. Baird,* 66 P.3d 183 (Colo.App.2002). Whether a defendant has made a voluntary waiver is a question of fact to be determined by the trial court. *People v. Duran,* 757 P.2d 1096 (Colo.App.1988) (waiver of statutory right to counsel in postconviction proceedings must be voluntary); *People v. Gurule,* 748 P.2d 1329 (Colo.App.1987) (defendant's waiver of his future right to challenge prior convictions made as part of plea agreement did not violate public policy and was valid and enforceable in subsequent proceedings).

■ We will not assume that the parties have agreed that the defendant will forgo the opportunity to seek postconviction relief in the absence of an affirmative waiver. *Keller v. People,* 29 P.3d 290 (Colo.2000) (no waiver by defendant of his right to seek sentence reduction when express waiver of such right was not mentioned as part of plea agreement before sentence was imposed).

The majority of jurisdictions that have considered the validity of general appeal waivers have approved the use of such waivers as part of a negotiated plea agreement, concluding that the waivers are neither coercive nor involuntary. Those jurisdictions have reasoned that if a defendant may waive important constitutional rights by pleading guilty, it follows that the defendant may also waive the statutory right to appeal as part of a negotiated plea agreement. *See, e.g., United States v. Rutan,* 956 F.2d 827 (8th Cir.1992) (defendant's assertion that he could not waive an unknown right rejected where it appeared that he comprehended the maximum penalty to which he could be subjected and knew in general terms that he had the right to appeal), *overruled on other grounds by United States v. Andis,* 333 F.3d 886 (8th Cir.2003); *United States v. Davis,* 954 F.2d 182 (4th Cir.1992) (a waiver of appellate rights is not per se improper and is enforceable so long as it is a knowing and intelligent waiver); *United States v. Navarro–Botello,* 912 F.2d 318 (9th Cir.1990) (the certainty of a negotiated plea was adequate consideration for a knowing and voluntary waiver, even if the exact nature of an appeal was specula-

tive); *see also People v. Vargas,* 13 Cal. App.4th 1653, 17 Cal.Rptr.2d 445 (1993) (citing numerous cases).

Such waivers promote the benefits of speed, economy, and finality of judgments that are inherent in plea agreements. Because a guilty plea must be made knowingly, voluntarily, and intelligently, general appeal waivers are enforceable and protect a defendant's right to appeal if the waiver also is made knowingly, voluntarily, and intelligently. *See People v. Vargas, supra.*

■ We agree with the reasoning and analysis of these cases and conclude that a defendant may waive the right to appeal a conviction as part of a negotiated plea agreement as long as the waiver is made knowingly, voluntarily, and intelligently.

Here, defendant was represented by counsel, and both agreements were reached as a result of negotiations. The original plea agreement also contained a provision waiving the right to appeal, and so the provision was not new to defendant. When defendant pleaded guilty under the first plea agreement, the trial court advised him of the rights he was waiving, the elements of the offense, and the possible penalties he faced. Defendant affirmed his understanding of this agreement.

Further, defendant did not expressly preserve the right to appeal specific issues relating to his conviction. Nor does he argue on appeal that the waiver was not made knowingly, voluntarily, or intelligently. Thus, an express waiver of the right to appeal his conviction was made as a result of plea negotiations and was entered into by defendant knowingly, voluntarily, and intelligently. Accordingly, we dismiss that part of the appeal concerning the alleged breach of the plea agreement.

## II. Scope of Appeal Waiver

■ However, we further conclude that a defendant cannot waive the right to challenge an illegal sentence because there cannot be a valid agreement to an illegal sentence. Such a sentence cannot validly be imposed and renders the plea agreement with its resulting guilty plea invalid. *See United States v.*

*Hahn,* 359 F.3d 1315 (10th Cir.2004) (defendant who waives the right to appeal does not subject himself to being sentenced entirely at the whim of the court); *Craig v. People,* 986 P.2d 951 (Colo.1999) (illegal sentence may be corrected at any time); *Chae v. People,* 780 P.2d 481 (Colo.1989) (defendant cannot enter into plea agreement that calls for an illegal sentence); *see also People v. Misenhelter,* 121 P.3d 230 (Colo.App.2004) (*cert. granted* Oct. 11, 2005) (although stipulation to sentencing cap under plea agreement precludes review of propriety of sentence under § 18-1-409, C.R.S.2005, defendant not precluded by statute from raising challenge to propriety of sentencing proceedings).

■ Nor does an appeal waiver bar a motion to correct a mittimus that does not accurately reflect the sentence. *See People v. Quintana,* 42 Colo.App. 477, 601 P.2d 637 (1979), *aff'd,* 200 Colo. 258, 613 P.2d 1308 (1980).

Thus, we may address defendant's assertions on appeal that his sentence is illegal and that the mittimus does not accurately reflect the sentence imposed, together with credits for presentence confinement.

## III. Aggravation

■ Relying on *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), defendant contends that his sentence is illegal because the trial court aggravated his sentence in reliance on the facts of prior convictions that were not admitted by him or proved to a jury. We disagree.

First, an *Apprendi–Blakely* challenge seeks to remedy a "sentence imposed in violation of the Constitution." Thus, it is properly reviewed under Crim. P. 35(c)(2)(I). Sentences violative of *Apprendi* or *Blakely* are sentences imposed in an illegal manner as opposed to sentences that are per se illegal. In the latter case, the sentencing court lacked authority to issue the sentence under the law. *See People v. Rockwell,* 125 P.3d 410 (Colo.2005); *People v. Gardner,* 55 P.3d 231 (Colo.App.2002). Thus, defendant's

claim of an *Apprendi–Blakely* violation is barred by his appeal waiver.

We note, however, that if defendant had not waived the right to contest the manner in which the sentence was imposed, such a claim would fail nonetheless.

Here, the trial court found defendant's prior convictions and long history of imprisonment to be aggravating circumstances. Defendant freely admitted that he had a long history of convictions. At sentencing defendant stated: "I know standing here with my record the way it is, these last two crimes ... have just compounded my life, which has been one of 18 years now ... I've spent that many years incarcerated." He further acknowledged that he "went to prison in California" when he was nineteen. Defendant was thirty-eight at the time of sentencing. Indicating that he had been incarcerated for most of the time since he was nineteen, he stated: "I've done time with my whole life. I've had 18 calendars in."

Defendant's prior convictions constitute a *Blakely*-exempt factor, sufficient to support the imposition of an aggravated sentence. *See Lopez v. People,* 113 P.3d 713 (Colo. 2005). Thus, defendant's sentence was imposed in a constitutionally valid manner.

## IV. Mittimus

At the conclusion of sentencing, the trial court calculated the amount of credit due for presentence confinement. When defendant's counsel suggested that the credit also should reflect the one year served on the misdemeanor, the court stated that such time had been imposed for the misdemeanor and not on the suspended felony count. Observing that an argument could be made that 142 days of the total credit was also for the misdemeanor count and should not be given as presentence credit for the four-year term in the DOC, the court stated that it was nevertheless "willing to give him credit for it on this one." Defense counsel made no objection and instead thanked the court for the accommodation. Under these circumstances, there is no need to correct the mittimus because it accurately reflects credit for presentence confinement.

The appeal as to the judgment is dismissed, and the sentence is affirmed.

Judge ROTHENBERG and Judge CARPARELLI concur.