**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**James DiAngelo CANODY,**
**Defendant–Appellant.**

**No. 05CA0549.**

Colorado Court of Appeals,
Div. VI.

May 17, 2007.

John W. Suthers, Attorney General, Katherine A. Hansen, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

James DiAngelo Canody, Pro Se.

Opinion by Judge RUSSEL.

Defendant, James DiAngelo Canody, appeals from the trial court's order denying his motions for postconviction relief. We affirm in part, reverse in part, and remand with directions.

## I. Background

This appeal involves two separate cases that were jointly resolved in a post-trial plea and sentencing agreement:

1. In 02CR199, Canody was tried and convicted of assault, attempted robbery, menacing, child abuse, cruelty to animals, criminal mischief, and possession of a weapon by a previous offender. After receiving the jury's verdicts, the court set the matter for a bench trial on three habitual criminal counts. Later, the parties executed a post-trial agreement under which Canody would (1) receive a sentence of sixteen years in prison, and (2) waive his "appellate rights."

2. In 02CR4295, Canody was charged with first degree assault, second degree assault, and habitual criminality. Pursuant to the post-trial agreement, Canody pled guilty to first degree assault. The parties agreed that Canody's sentence (when combined with the sixteen-year sentence in 02CR 199) would not exceed forty-eight years.

The trial court accepted the post-trial plea agreement and sentenced Canody to consecutive prison terms of sixteen years in 02CR199 and eighteen years in 02CR4295.

Later, Canody filed two timely motions for postconviction relief under Crim. P. 35(c). He asked the court to vacate his convictions and sentence in 02CR199 and to vacate his sentence in 02CR4295. The trial court agreed to correct the mittimus in 02CR199 but otherwise denied the motions.

Canody now contends that the trial court erred in denying his postconviction motions. We conclude that the trial court's order was proper in most respects.

## II. Case 02CR199

In 02CR199, Canody challenged the post-trial agreement, convictions, and sentence. He made the following claims:

1. The post-trial agreement was involuntary and was the result of ineffective assistance of counsel.

2. The convictions were the result of errors in the admission of evidence and ineffective assistance of counsel.

3. The trial court illegally imposed a sixteen-year sentence for the offense of possession of a weapon by a previous offender.

The trial court addressed Canody's claims in a written order. For the most part, the court rejected the claims:

1. The court upheld the validity of the post-trial agreement. It ruled that Canody's assertions of coercion and illness were plainly refuted by the declarations that he made in the written agreement and during the providency hearing.

2. The court rejected Canody's attack on the validity of his convictions. The court ruled that Canody's claims were barred by the appeal waiver provision in the post-trial agreement.

3. The court determined that Canody did not receive a sixteen-year sentence for the offense of possession of a weapon by a previous offender. It ruled that the mittimus would be corrected to reflect the sentence that had actually been imposed for that offense.

We examine each of the court's rulings in turn.

### A. Validity of Post-trial Agreement

■ Canody challenged the post-trial agreement in 02CR199, apparently because he hoped to undermine the appeal waiver and thus regain his right of direct appeal. He asserted two claims: (1) the agreement was involuntary because he had been coerced while suffering from acute liver failure; and (2) the agreement was invalid because it was the product of ineffective assistance of counsel. The trial court denied both claims.

The record supports the trial court's ruling.

First, the written plea agreement and pertinent transcript demonstrate that Canody made a knowing, voluntary, and intelligent waiver of his rights (including the right to bring a direct appeal). Canody's written and oral declarations "carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). These declarations plainly refute Canody's conclusory allegations that he was unable to execute a valid waiver as a result of coercion or illness. *See* Crim. P. 35(c)(3)(IV) (court may deny relief if "the files and records of the case show to the satisfaction of the court that the factual allegations are untrue"); *People v. Blehm*, 983 P.2d 779, 792 n. 8 (Colo.1999) (if the record shows a complete advisement on the right to testify, there is no need to conduct a hearing on the defendant's postconviction claim); *People v. Hutton*, 183 Colo. 388, 517 P.2d 392 (1973) (no hearing was necessary where the record showed that the defendant knew the elements of aggravated robbery); *cf. Phillips v. Murphy*, 796 F.2d 1303, 1304 (10th Cir. 1986) (federal habeas hearing not required where petitioner's allegations were refuted by statements made during the providency hearing).

■ Second, Canody's ineffective assistance claim is meritless as a matter of law. Canody asserted that his lawyer failed to inform him of the right to have a jury deter-

mine the habitual criminal charges, and he claimed that, had he known about this right, he would not have agreed to the appeal waiver. This claim fails because Canody had no right to a jury determination of habitual criminal charges. *See* § 18–1.3–803(1), C.R.S.2006 (hearing on habitual criminal charges "shall be conducted by the judge who presided at trial or before whom the guilty plea was entered"); *People v. Nunn,* 148 P.3d 222, 224–25 (Colo.App.2006) (constitution does not require jury determination of habitual criminal charges). Counsel's alleged failure was therefore neither erroneous nor prejudicial. *See Ardolino v. People,* 69 P.3d 73, 77 (Colo.2003) (court may deny an ineffective assistance claim without holding a hearing when defendant's allegations would fail to establish either prong of the test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

### B. Validity of Convictions

Canody challenged his convictions in 02CR199 on two grounds. First, he claimed that the trial court had admitted hearsay testimony in violation of the rules of evidence and in derogation of his constitutional right to confront adverse witnesses. Second, he claimed that his trial lawyer had failed to provide effective assistance of counsel.

The trial court ruled that both of these claims were foreclosed by the appeal waiver. We disagree with this part of the trial court's ruling.

█ As a general rule, a criminal defendant may waive his or her right to file a direct appeal. *See People v. Bottenfield,* 159 P.3d 643 (Colo.App.2006); *see also United States v. Andis,* 333 F.3d 886, 889 (8th Cir. 2003) (collecting cases). The defendant's waiver must be voluntary, knowing, and intelligent. *People v. Bottenfield, supra.*

█ Appeal waivers are construed narrowly. *United States v. Andis, supra,* 333 F.3d at 890; *United States v. Tang,* 214 F.3d 365, 368 (2d Cir.2000). Absent an express provision to the contrary, a waiver of the right to "appeal" does not foreclose a motion for postconviction relief. *See People v. Bottenfield, supra,* 159 P.3d at 645 (citing *Keller*

*v. People,* 29 P.3d 290, 298 (Colo.2000)); *see also Clinkscale v. United States,* 367 F.Supp.2d 1150, 1156–57 (N.D.Ohio 2005) (absent a specific provision, defendant's appeal waiver did not preclude a collateral attack of his sentence).

Here, the trial court ruled that Canody could not challenge his convictions in 02CR199 because his entire postconviction motion was barred by the appeal waiver. This ruling was erroneous. Although Canody expressly waived his "appellate rights," he did not expressly waive his right to seek postconviction relief.

█ This does not mean, however, that Canody was free to present all his direct appeal issues in a postconviction format. *See Clinkscale v. United States, supra,* 367 F.Supp.2d at 1157 (defendant may not "simply avoid the waiver of his direct appeal rights and raise any issue in his [postconviction] motion"). If an appeal waiver is to have practical meaning, it must preclude, not merely the filing of a direct appeal, but the presentation of any contention that ordinarily would be presented on direct appeal. *See Clinkscale v. United States, supra.*

█ Accordingly, Canody was not free to assert that the trial court admitted hearsay testimony in violation of the rules of evidence and in derogation of the constitutional right of confrontation. This claim was waived because it is the type of contention that ordinarily is raised on direct appeal. *See, e.g., People v. Cevallos–Acosta,* 140 P.3d 116 (Colo.App.2005); *People v. Garrison,* 109 P.3d 1009 (Colo.App.2004). If a defendant were to omit this claim from a direct appeal and instead present it for the first time in a postconviction motion, the claim ordinarily would be dismissed. *See* Crim. P. 35(c)(3)(VII).

█ In contrast, Canody was free to challenge his convictions on the ground that he had been deprived of the effective assistance of trial counsel. This is not the type of claim that ordinarily should be raised on direct appeal. *Ardolino v. People,* 69 P.3d 73, 76 (Colo.2003); *People v. Versteeg,* 165 P.3d 760, 2006 WL 3094105 (Colo.App. No. 04CA1227, Nov. 2, 2006). The Colorado Rules of Crimi-

nal Procedure expressly contemplate that a defendant may withhold this claim from direct appeal and present it for the first time in a postconviction motion. *See* Crim. P. 35(c)(3) (VIII).

We conclude that the trial court (1) properly declined to address Canody's claim based on hearsay and confrontation, but (2) erred in failing to address Canody's ineffective assistance claim. We therefore reverse the trial court's order in part and remand so that the court may consider, in the first instance, Canody's ineffective assistance challenge to his convictions in 02CR199. *See White v. Denver Dist. Court,* 766 P.2d 632, 636–37 n. 8 (Colo.1988) ("[I]t is for the trial court in the first instance to determine on which specific issues an evidentiary hearing should be held.").

## C. Legality of Sentence

■ Canody received a sixteen-year sentence for his convictions in 02CR199. Although he recognized that this sentence was correct overall, he claimed that one part of the court's sentencing order—imposing a sixteen-year term for the offense of possession of a weapon by a previous offender—was illegal.

The trial court rejected this claim. It ordered that the mittimus be changed to reflect the sentence that had actually been imposed for possession of a weapon by a previous offender.

We agree with the trial court's determination. The record shows that the trial court imposed a one-year sentence for possession of a weapon by a previous offender. The mittimus must be corrected to reflect this sentence.

## III. Case 02CR4295

■ Canody claimed that his sentence in 02CR4295 had been imposed in violation of the constitutional principles announced in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Blakely v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The trial court rejected this claim, noting that Canody

had been sentenced "within the agreed range."

We conclude that, notwithstanding the absence of analysis, the trial court's order was correct. *See Negron v. Golder,* 111 P.3d 538, 542 (Colo.App.2004) (appellate court may affirm the trial court's determination on other grounds).

Canody was convicted of first degree assault under § 18–3–202(1)(a), C.R.S.2006. This is a class three felony that triggers a special penalty range of ten to thirty-two years under the combined operation of four related statutes:

1. Section 18–1.3–401(1)(a)(V)(A), C.R.S. 2006, which sets the presumptive range for class three felonies at four to twelve years.

2. Section 18–3–202(2)(c), C.R.S.2006, which makes first degree assault a per se crime of violence. *See Terry v. People,* 977 P.2d 145 (Colo.1999).

3. Section 18–1.3–401(10)(a), C.R.S.2006, which increases, to sixteen years, the presumptive range for any class three felony that qualifies as an extraordinary risk crime. Canody's offense qualifies as an extraordinary risk crime under § 18–1.3–401(10)(b)(XII), C.R.S.2006, because it is a per se crime of violence that requires proof of serious bodily injury and the use of a deadly weapon. *See* § 18–3–202(1)(a); *People v. Banks,* 9 P.3d 1125, 1131–32 & n. 10 (Colo.2000).

4. Section 18–1.3–406(1)(a), C.R.S.2006, which states: "Any person convicted of a crime of violence shall be sentenced . . . for a term of incarceration of at least the midpoint in, but not more than twice the maximum of, the presumptive range provided for such offense . . . as modified for an extraordinary risk crime . . . ."

Because Canody's eighteen-year sentence lies within the special penalty range defined by the legislature, it does not violate *Blakely* or *Apprendi. See People v. Hogan,* 114 P.3d 42, 59 (Colo.App.2004).

## IV. Conclusion

The trial court's order is reversed insofar as it denies, on waiver grounds, Canody's postconviction motion challenging his convictions in 02 CR 199 through a claim of ineffective assistance of counsel. The case is remanded for further proceedings on that claim and for correction of the mittimus in accordance with this opinion. In all other respects, the court's order is affirmed.

Judge DAILEY and Judge GRAHAM concur.