24CA0037 Peo v Jackson 12-19-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0037
City and County of Denver District Court No. 11CR4876
Honorable Alex C. Meyers, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Billy Lawrence Jackson,

Defendant-Appellant.

---

ORDER AFFIRMED

Division III
Opinion by JUDGE GOMEZ
Dunn and Hawthorne*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

---

Philip J. Weiser, Attorney General, Jaycey DeHoyos, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Billy Lawrence Jackson, Pro Se

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1　Defendant, Billy Lawrence Jackson, appeals the district court's order granting in part and denying in part his motion to correct the mittimus. We affirm.

## I.　Background

¶ 2　In 2011, the prosecution charged Jackson with second degree kidnapping of a robbery victim under section 18-3-302(1), (3)(b), C.R.S. 2011, and robbery under section 18-4-301(1), C.R.S. 2011. The version of section 18-3-302(3) in effect at the time provided that "[s]econd degree kidnapping is a class 2 felony if any of the following circumstances exist: (a) [t]he person kidnapped is a victim of a sexual offense pursuant to part 4 of this article; or (b) [t]he person kidnapped is a victim of a robbery."

¶ 3　A jury convicted Jackson as charged. The district court sentenced him to twenty-four years in the custody of the Department of Corrections.

¶ 4　The district court issued a mittimus reflecting Jackson's convictions. The mittimus listed the charges as "KIDNAPPING 2-VICTIM SEX OFFENSE/ROBBERY" under section 18-3-302(1), (3), and "ROBBERY" under section 18-4-301(1).

1

¶ 5    Jackson appealed his convictions, and a division of this court affirmed. *People v. Jackson*, (Colo. App. No. 13CA1602, Mar. 19, 2015) (not published pursuant to C.A.R. 35(f)). The supreme court denied certiorari, and the mandate was issued in 2015.

¶ 6    Eight years later, Jackson filed a motion to amend the mittimus. As relevant here, he argued that the charge for "KIDNAPPING 2-VICTIM SEX OFFENSE/ROBBERY" was incorrect because there had been no allegations that he committed a sex offense. He asserted that the error violated his due process rights and caused him undue hardship.

¶ 7    The district court granted the motion in part, explaining that "Count 1 is listed as 'KIDNAPPING 2-VICTIM SEX OFFENSE/ ROBBERY,' and Defendant correctly states he was not charged or convicted of a sex offense of any kind." But, the court stated, the description for second degree kidnapping under section 18-3-302(3) is hardcoded into the computer system to show "KIDNAPPING 2-VICTIM SEX OFFENSE/ROBBERY" (showing both subsection (3)(a) and (3)(b)), and the court "[could not] change this hard-coded computer entry." The court also said it was "not aware of any undue hardship posed by this mittimus language, and Defendant

cites none." Nonetheless, the court said it would amend the mittimus with "additional language to clarify that the associated robbery is the basis for designating the kidnapping charge as a class 2 felony, not a sex offense." It further stated that the order was "intended to clarify the issue if needed as Defendant completes his prison sentence and parole in this case."

¶ 8 The court amended the mittimus by adding the following sentence: "PER ORDER DATED 12/6/23, COUNT 1 IS AS TO KIDNAPPING DURING THE COMMISSION OF ROBBERY ONLY, NOT A SEX OFFENSE."

## II. Analysis

¶ 9 Jackson appeals the district court's order, contending that the kidnapping charge listed on his mittimus is ambiguous as to whether section 18-3-302(3)(a) or (3)(b) is applicable to him, which renders the statute void for vagueness and violates his due process rights. He again requests an amended mittimus so that the description of the kidnapping charge does not show "KIDNAPPING 2-VICTIM SEX OFFENSE/ROBBERY." We discern no error in the court's order.

¶ 10    "Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."  Crim. P. 36.  Because the language of this rule indicates that the decision to correct an error is discretionary rather than mandatory, we review for an abuse of discretion.  *Quintana v. People*, 613 P.2d 1308, 1309-10 (Colo. 1980).  A court abuses its discretion when its decision is manifestly arbitrary, unreasonable, or unfair.  *People v. Rodriguez*, 2022 COA 98, ¶ 12.

¶ 11    Whether a defendant was denied due process is a question of law that we review de novo.  *People v. Calderon*, 2014 COA 144, ¶ 23.

¶ 12    We cannot conclude that the district court abused its discretion by amending the mittimus as it did and by finding that it couldn't change the description of the kidnapping charge.  This ruling was not manifestly arbitrary, unreasonable, or unfair, but rather was based on the court's determination about its own computer system.  Jackson is not entitled to further amendment of

4

the mittimus because correction of the kidnapping charge's description isn't possible.

¶ 13    The language in the mittimus also doesn't violate Jackson's due process rights.  Due process requires that defendants receive adequate notice of the charges filed against them.  *See People v. Madden*, 111 P.3d 452, 455 (Colo. 2005); *see also* U.S. Const. amend. VI; Colo. Const. art. II, § 16.  Here, Jackson received notice of the charges against him through the complaint and information.  The complaint correctly identified the statute under which he was being charged — second degree kidnapping under section 18-3-302(1), (3).  It stated that "the victim was the victim of a robbery; in violation of section 18-3-302(1), (3)(b)."  And the mittimus accurately reflects that Jackson was convicted under section 18-3-302(1), (3).

¶ 14    Furthermore, given that the court added clarifying language, Jackson's claim of ambiguity fails.  The mittimus clearly states that the kidnapping was related to a robbery, not a sex offense.

¶ 15    Moreover, for all intents and purposes, Jackson received the relief he seeks — an amended mittimus reflecting that his kidnapping charge was unrelated to any sex offense.  Because the

district court already made this clarification, there is no relief for this court to grant.

¶ 16    As to Jackson's void for vagueness challenge, Jackson's claim is not that the second degree kidnapping statute is vague, but rather that the mittimus' description of the charge under the statute is vague. He is not challenging the constitutionality of his convictions and is instead challenging the accuracy of the mittimus. But the manner in which a mittimus references a statute cannot render the statute unconstitutionally vague. *See People ex rel. Rein v. Meagher*, 2020 CO 56, ¶ 33 ("The essential inquiry in addressing a void for vagueness challenge is whether the statute 'forbids or requires the doing of an act in terms so vague that persons of ordinary intelligence must necessarily guess as to its meaning and differ as to its application.'" (quoting *People v. Gross*, 830 P.2d 933, 937 (Colo. 1992))).

¶ 17    Nevertheless, any constitutional claim would be cognizable under Crim. P. 35(c)(2)(I), and we don't address such a claim for the first time on appeal. *See People v. Cali*, 2020 CO 20, ¶ 34 ("[A]lthough we will broadly construe a pro se litigant's pleadings to effectuate the substance, rather than the form, of those pleadings,

we will not consider issues not raised before the district court in a motion for postconviction relief."). Such a constitutional claim would also be untimely and successive. *See* § 16-5-402(1), C.R.S. 2024 (requiring a Crim. P. 35(c) motion to be filed within three years of a conviction for a non-class 1 felony); Crim. P. 35(c)(3)(VII) (requiring the district court to deny any Crim. P. 35(c) claim that could have been raised on direct appeal).

## III. Disposition

¶ 18    The order is affirmed.

JUDGE DUNN and JUDGE HAWTHORNE concur.