24CA1344 Peo v Joyner 05-07-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1344
El Paso County District Court No. 13CR2416
Honorable Jessica Curtis, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Karlynn Shac Joyner,

Defendant-Appellant.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE LUM
J. Jones and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced May 7, 2026

---

Philip J. Weiser, Attorney General, Cata A. Cuneo, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Joseph Paul Hough, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1    Defendant, Karlynn Shac Joyner, appeals the postconviction court's order denying his Crim. P. 36 motion to correct a clerical mistake in his written plea agreement.  We reverse and remand the case for the court to correct the clerical mistake in the plea agreement.

## I.    Background

¶ 2    In 2013, the People charged Joyner with two counts of sexual assault on a child as part of a pattern of abuse.

¶ 3    The parties entered into a written plea agreement under which Joyner would plead guilty to an amended count of sexual assault on a child by one in a position of trust.  However, the plea agreement contained what is clearly a clerical mistake.  Although the caption of the plea agreement contained Joyner's full name and his district court case number, and although Joyner legibly signed the plea agreement at the end of the document, the first sentence of the body of the plea agreement began as follows: "The District Attorney and I, Defendant *Tony James Miller,* make the following plea agreement . . . ."  (Emphasis added.)

¶ 4    The district court accepted Joyner's guilty plea to the amended count and sentenced him to four years to life in the custody of the

1

Department of Corrections. Apparently no one noticed the clerical mistake in the plea agreement before the judgment of conviction was entered.

¶ 5 Ten years later, in 2023, Joyner filed a pro se "Combined Writ of Habeas Corpus Under Pursuant [sic] 13-45-101 and Motion for Rule 35(a) – Illegal Conviction/Sentencing," in which he appeared to claim, among other things, that his conviction and sentence were illegal because of the incorrect name in the plea agreement. The postconviction court issued a written order denying the motion. In terms of that particular claim, the court ruled, "The record and file, together, support the Court's finding that Mr. Joyner's plea in this matter was knowing, intelligent, and voluntary. An apparent typographical error in the plea paperwork in this matter does not upset that finding under the present circumstances."

¶ 6 A year and a half later, Joyner filed the Crim. P. 36 motion at issue, in which he asked the court to correct the erroneous name in the first sentence of the body of the plea agreement. This time, however, Joyner made clear that he was no longer seeking to invalidate the judgment of conviction and sentence. Specifically, Joyner wrote, "Even though this clerical error . . . does not affect

2

the integrity of the underlying plea agreement itself, it does need to be corrected so that the proper legal name of the Defendant is documented in the plea agreement and to correct the court record also."

¶ 7     The postconviction court denied the Crim. P. 36 motion by stamping "Denied by Court" on the first page of the motion.

## II.     Applicable Law and Standard of Review

¶ 8     Crim. P. 36 reads, "Clerical mistakes in judgments, orders, or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders."

¶ 9     We review a district court's denial of a Crim. P. 36 motion for an abuse of discretion. *See Quintana v. People*, 613 P.2d 1308, 1309-10 (Colo. 1980).

## III.     Analysis

¶ 10     Before turning to the parties' positions on appeal, we address two foundational issues.  First, Crim. P. 36 makes clear that a clerical mistake can be corrected "at any time," so it doesn't matter that the judgment of conviction was entered in this case over ten years ago.  *See People v. Larsen*, 2023 COA 28, ¶¶ 1, 36-37

(remanding for correction of a clerical mistake on a mittimus entered ten years earlier).

¶ 11     And second, the law is sufficiently clear that a clerical mistake in a plea agreement *is* something that can be corrected under Crim. P. 36.  Specifically, Crim. P. 36 covers not only clerical mistakes in "judgments" and "orders," but also clerical mistakes in "other parts of *the record* and errors in *the record* arising from oversight or omission."  (Emphasis added.)  And *People v. Baker* makes clear that a clerical mistake in the record made by the court *or counsel* can be corrected under Crim. P. 36.  2019 CO 97M, ¶ 21 ("Clerical errors for purposes of Rule 36 can include 'not only errors made by the clerk in entering the judgment, but also those mistakes apparent on the face of the record, whether made by the court *or counsel* during the progress of the case, which cannot reasonably be attributed to the exercise of judicial consideration or discretion.'" (emphasis added) (citation omitted)).

¶ 12     Turning now to the parties' positions on appeal, Joyner contends that we should reverse the postconviction court's ruling denying his Crim. P. 36 motion, and he advances reasons why doing so is, or might be, important.  In response, the People posit

4

that the postconviction court "may not have abused its discretion" by denying the motion, but then state that, "in an abundance of caution, the People support remand of the case for the sole purpose of correcting the clerical error so that the body of the plea agreement contains [Joyner's] correct name."

¶ 13 We, like the People, are not convinced that the postconviction court abused its discretion by denying the motion because the reasons Joyner advances for why it is important to correct the clerical mistake are not particularly persuasive. *See Quintana*, 613 P.2d at 1309-10. However, given the parties' agreement on appeal that we should remand the case for the clerical mistake to be corrected and given that the postconviction court denied Joyner's Crim. P. 36 motion without hearing the prosecution's position on it, we will reverse and remand the case for the court to correct the clerical mistake in the plea agreement.

## IV. Disposition

¶ 14 The order is reversed and the case is remanded for the clerical mistake in the written plea agreement to be corrected.

JUDGE J. JONES and JUDGE MEIRINK concur.